## *Ex parte* WHEELER

### Opinion delivered May 8, 1911.

1. POLICE COURT—APPEAL,—MODE OF TAKING APPEAL.—Under Kirby's Digest, § 5632, providing that "any final conviction or sentence of the police court may be examined into by the circuit court of the county in the manner provided by law regulating appeals from justices of the peace, and proceedings may be stayed on such terms as may be reasonable," an ordinance regulating the taking of bail and providing that only the chief of police should take bail after arrest and pending appeal to the circuit court, and holding him officially responsible for the sufficiency of the bail, is not unreasonable. (Page 203.)

2. SAME—BAIL BOND—DISCRETION OF CHIEF OF POLICE.—Where, under a city ordinance, the chief of police had the discretion to accept a bail bond, the police court was not authorized to control his action in such matter, in the absence of any showing of an abuse of such discretion. (Page 203.)

Certiorari to Sebastian Chancery Court; *J. V. Bourland,* Chancellor; decree quashed.

#### STATEMENT BY THE COURT.

This proceeding is to review the action of the Sebastian Chancery Court in releasing from the custody of Sid Johnson, the chief of police of Fort Smith, Nat Wheeler upon his petition for a writ of habeas corpus.

It appears that he was in the custody of said chief of police under a commitment issued by the police judge in the city of Fort Smith for the non-payment of a fine of $250 assessed against him by said court upon a charge of obscenity. After the conviction he prayed and was granted an appeal to the circuit court.

and his bail fixed at $300 by the police judge. He tendered a bond which had been approved by the judge of the police court to said chief of police, who refused to accept it and release him.

Sid Johnson, in his return to the writ of habeas corpus, admitted these facts, and that he was holding said Wheeler in custody for the non-payment of said fine, and stated that on the 23d day of July the petitioner applied to him for a release on bail and tendered a bond which he regarded insufficient; that thereafter the police judge approved this same bond, and after it was so approved it was again presented and disapproved by him; that he refused to release the prisoner until a bond acceptable to him should be made; that he had investigated the sureties on the said bond, and they were not worth any amount over their exemptions; further that he was holding the prisoner under the provisions of ordinance 1910 of the city of Fort Smith, setting it out.

By the terms of the said ordinance the chief of police is declared to be the only officer of the city authorized to take bail of a prisoner, "whether after arrest and before trial in the police court or after trial in the police court, pending appeal to the circuit court." Sec. 2 provides: "The chief of police of the city of Fort Smith, Ark., in taking bail, shall be officially responsible for the sufficiency of bail."

It is also stated that he was not given three days for the return of the habeas corpus by its terms, and that he would hold the prisoner until a writ giving him that time in which to make a return was issued. Upon a hearing the chancellor directed the chief of police, Sid Johnson, to release Nat Wheeler from custody, and a review of this order is asked.

*Vincent M. Miles,* for petitioner.

The ordinance of the city making it the duty of the chief of police to accept and pass upon the sufficiency of bail bonds, after conviction in police court pending appeal to the circuit court, is not an unreasonable one, and falls within the power expressly given by statute to cities of the first class. Kirby's Dig. § 5632. The police court having fixed the amount of the bail, the chief of police alone under the ordinance had power to pass upon the sufficiency of the surety offered on the bond, and he was a competent officer to take bail. Kirby's Dig., § 2159.

KIRBY, J., (after stating the facts.) The petitioner for the writ of habeas corpus was entitled to a release from custody pending his appeal to the circuit court from the judgment of conviction in the police court upon making a bond with sufficient sureties in the sum fixed by the police court when his appeal was granted.

The city had authority under section 5632 of Kirby's Digest to provide for the stay of proceedings on judgment of conviction in its police court pending an examination into same by the circuit court on appeal, being required only to make such terms reasonable. Said ordinance was passed by the city regulating the taking of bail and providing that only the chief of police should take bail after arrest and before trial and pending appeal to the circuit court and holding him officially responsible for the sufficiency of bail. This ordinance is not unreasonable, and is within the authority granted to the city by the aforesaid law, and was intended to and does limit the taking of bail to one officer of the city, the chief of police. The police judge having admitted the prisoner to bail pending the appeal and fixed the amount of the bond, it became the duty of the chief of police under said ordinance to take the bail and pass upon the sufficiency of it, since he is held officially liable therefor by the terms of said ordinance, and, having passed upon it and decided that it was insufficient, he had the right to refuse to accept it for the release of the prisoner. It may be true that the police court, having jurisdiction of the offense and the right to admit the prisoner to bail and prescribe the terms therefor, could also review the act of the chief of police if he arbitrarily and without right refused to accept a sufficient bond that was tendered him for the prisoner's release, but the discretion as to the acceptance and sufficiency of the bond in the first instance rested with the chief of police; and, until he was shown to have abused it, the police judge was without authority to control his action in the matter. There is no proof of an arbitrary refusal to take bail in this case, and the return of the officer recites that the bail bond tendered was insufficient and worthless, and not accepted by him on that account, and there is no proof in the record to the contrary. This being the condition, the chancellor should have refused to release the prisoner from custody upon the said insufficient bail bond de-

clared to be so by the officer in whom was vested the authority
to pass upon its sufficiency, and, notwithstanding same had been
approved by the police court, instead of directing his release as
he did do, his judgment was erroneous, and will be quashed.