(136 So. 830)

## HARRIS, Chief of Police, v. ADAMS.

### 7 Div. 743.

Court of Appeals of Alabama.

Feb. 24, 1931.

Rehearing Denied April 7, 1931.

E. O. McCord & Son, of Gadsden, for appellant.

Motley & Motley, of Gadsden, for appellee.

RICE, J.

This is a habeas corpus proceeding, and was instituted before Hon. O. A. Steele, judge of the circuit court of Etowah county, by W. N. Adams, who was convicted in the mayor's court of Alabama City, a municipal corporation, of the offense of violating one of said municipal corporation's ordinances. Adams, who is designated above as the appellee, sought his discharge from the custody of the chief of police of Alabama City, appellant, above, as for that whereas he had prepared and presented a good and sufficient appeal bond, within five days (the statutory limit) of the date of his said conviction, seeking to appeal his case to the circuit court; the same was not approved by the mayor, etc.

The said Hon. O. A. Steele, as circuit judge, etc., refused to entertain a plea to his jurisdiction, conducted a hearing, held the appeal bond as presented to the mayor good and sufficient, and granted the writ of habeas corpus, prayed for, but gave to the mayor, etc., who was not a party to the proceeding, the option of approving the said appeal bond, or of standing by and allowing the petitioner to be discharged from custody, etc. The said appeal bond was not approved, and petitioner was ordered discharged from further custody of said chief of police, who prosecutes this appeal from said order. Code 1928, § 3238.

We have given careful study to our statutes on habeas corpus (Code 1928, chapter 151) as well as to the excellent monograph on same by Hon. Walter B. Jones, published in Alabama Law Journal, vol. 3, pp. 155–185.

Likewise, we have read the treatises on this subject contained in Ruling Case Law (12 R. C. L. pp. 1176–1262), and in Corpus Juris (29 C. J. pp. 1–189).

In the same manner, we have examined, more or less critically, the treatment of the subject by Bailey (Bailey on Habeas Corpus, two volumes, T. H. Flood & Co., 1913). The reader is referred to these authorities for a full discussion of the subject.

We content ourselves by stating that we have been unable to find where the order made in this case was justified.

A situation hardly distinguishable was presented to the Supreme Court of Arkansas in the case of Ex parte Johnston, 99 Ark. 201, 137 S. W. 803, and we quote the second headnote to the said report of that case as fairly representing the holding of that court therein, and as expressing our own views, to wit: "A city ordinance authorized the chief of police alone to take bail whether after arrest, or after trial in the police court, pending appeal, and that he should be officially responsible for the sufficiency of the bail. Held that, where a prisoner was admitted to bail pending appeal, it was for the chief of police to pass on the sufficiency of a bond tendered, and he, acting in good faith, having determined that the sureties were insufficient, the chancellor should not have overruled his action on habeas corpus."

Here, the bond tendered was of such character, as shown by the evidence sent up, as to indicate that the mayor, in refusing to accept it, may have been acting in good faith. This being true, and the mayor being the officer charged with the duty of passing upon its sufficiency (Code 1923, § 1937), we might well use the identical language employed by the Supreme Court of Arkansas, supra, and say, which we do, the circuit judge "should not have overruled his action on habeas corpus." Also see Ex parte Tyler, 2 Okl. Cr. 455, 102 P. 716; and Ex parte Burton, 13 Okl. Cr. 280, 164 P. 135.

In view of our conclusion above, the order of the learned circuit judge must be, and is hereby, set aside, and annulled. And it is ordered that the petition for habeas corpus be, and it is hereby, denied. Code 1928, § 3238.

Petition denied.