*In the Matter of the Application of* WILLIAM F. RAIDLER *for a Writ of Habeas Corpus.*

1. FEDERAL CASES—*Bail on Appeal.* Bail on appeal in Federal criminal cases must be given under the same provisions of law which allow bail to be given in a Territorial criminal case.

2. HABEAS CORPUS—*Appeal—Bail.* The Territorial Statutes require bail to be given, pending appeal, within the time allowed by the trial court, and to the approval of the clerk of the district court; and it is the duty of the sureties to appear and justify by affidavit to be made before the clerk of the district court, and where this is not shown to have been done the supreme court will not grant the writ of *habeas corpus,* to determine whether or not the sureties offered on the appeal bond are sufficient.

3. BAIL BOND ON APPEAL—*Time for Giving.* In cases not punishable by death or imprisonment for life, it is the duty of the trial court to fix the time within which bail bond on appeal shall be given. And an application for an extension of time to give the bond should be presented to the trial court, and not to the supreme court. The amount of time to be allowed to give such bond is within the discretion of the trial court.

*Original Proceeding in Habeas Corpus.*

*Wisby & Hornor*, for Petitioner,

*C. R. Brooks, United States Attorney, Roy Hoffman* and *T. M. McMeachen*, per contra.

The opinion of the court was delivered by

BIERER, J.:   The petitioner, William F. Raidler, presents an application for a writ of *habeas corpus*, to this court, to be admitted to bail in the above entitled cause. He shows, among other things, that, at the last term of

27——IV.

the district court of Kingfisher county, he was convicted of attempting to rob the United States mails, and sentenced to a term of imprisonment in the penitentiary at Columbus, Ohio. That he was granted an appeal to the supreme court from such judgment, and the court fixed his appeal bond at the sum of five thousand dollars. He alleges that he has presented a bond to which the sureties have justified in the sum of thirteen thousand five hundred dollars, and to which the sureties have duly qualified as to residence, and that they have scheduled and listed their property, and that the clerk of the district court has refused to accept the same. He alleges that the time within which he was to give said bond will expire on the 17th instant, and that, unless this writ is granted, he will be taken by the marshal of the Territory to the penitentiary. And he asks that a writ of *habeas corpus* be granted; and, also, that a writ of *certiorari* be issued, commanding the clerk of the district court and the judge thereof, to certify their action in reference to his application for bail to this court, and that this court examine and approve the bond.

He also alleges that he is able to, and can, if time be given, furnish a good and sufficient bond, with other and additional sureties, and can present the same for justification before the judge of the district court of Kingfisher county; and asks that this court order that time be given for such purpose.

This application substantially asks for two kinds of relief from this court, in a case in which the party has been convicted and sentenced for a felony, and prior to the time his appeal is perfected to this court. *First*, that the clerk of the district court having refused to accept his bond, and that his bond be examined and approved by this court. *Second*, that he be granted fur-

ther time in which to give a good and sufficient appeal bond.

It was determined by this court in *Ex Parte Murphy.* 1 Oklahoma, 288, that " bail, pending an appeal in a criminal case on the Federal side of a Territorial court, will be allowed as provided by the statute of the Territory, there being no Federal statute on the subject." This defendant was prosecuted in a Federal case, and is entitled to give bail under the same regulations as are provided for Territorial cases.

Article 2, ch. 31, p. 209 of the Session Laws of Oklahoma, 1895, which is an amendment of § 5501 of the Statutes of 1893, provides :

" After conviction of a crime or public offense, not punishable by death or incarceration for life in the Territorial prison, a defendant who sues out a writ of error for revision of the judgment or takes an appeal from the judgment rendered against him, shall, on furnishing bond, be admitted to bail as provided by section 5324 of the statutes of Oklahoma.   The court when passing sentence shall fix a reasonable time within which bail may be given, and the appeal or writ of error taken, and shall, during that time, hold the defendant in custody.   If bail be not given in the time fixed, the judgment of the court shall be carried into execution."   *    *    *

Section 5324 of the statute, refered to in this amendment of the Criminal Procedure Act, provides:

" If the crime of which the defendant is convicted be a bailable one, the court shall at the time of entering judgment notify the defendant of his right to an appeal and fix the amount of his bail bond.   If an appeal is taken and the bond so fixed is given by the defendant, conditioned that the defendant will appear, submit to and perform any judgment, rendered by the supreme court, or district court, or probate court, in the further progress of the cause, and not depart without leave of the court, to be approved by the clerk of the district court, or the

probate court, the execution of judgment shall be stayed until affirmed or reversed, or modified by the supreme court. If no bond be given, the appeal shall not stay the execution of the judgment." * * *

From these two sections it will appear that, upon all criminal sentences, where the sentence is not death or imprisonment for life, it is the duty of the trial court to grant the defendant an appeal to the supreme court, and to fix the amount of his appeal bond, and also to fix the time within which the appeal is to be perfected; and also to fix the time within which bail, pending the appeal, may be given; and if the bail is given within the time allowed for the giving of bail, then the defendant is entitled to be released from custody pending the appeal; and, also, the appeal bond is to be approved by the clerk of the district court. This law provides that the bond is to be approved by the clerk of the district court, but in neither of these sections is there any provision how, or in what manner, the sufficiency of the sureties shall be made to appear to the clerk of the district court. And the only section of the statutes that we have been able to find that bears upon this question is § 5502 of the Statutes of 1893, which provides:

" The qualifications of bail are the same as those in civil cases, and the sureties must in all cases justify by affidavits taken before the magistrate, court or judge that they each possess those qualifications."

This section does not mention the clerk of the court, in cases where he, by order of the court, may be required to pass upon the sufficiency of bail bonds, in cases where the court is to approve the same, or in cases upon appeal, where, by statute, the clerk is required to approve the same; but we believe, from these different sections, it was the intention of the legislature that the sureties, in all cases should appear before the clerk, court or officer

required to approve the bond, and there justify to the satisfaction of the court or officer whose duty it is to pass upon the qualifications of sureties.     We do not believe it is the duty of the court or the judge or the clerk of the court to accept and approve a bail bond upon a justification made before another officer or tribunal than the one who, or which, is required to approve the bond. It is of the greatest importance, not only that the clerk have the surety justify by affidavit, but also that he see the sureties, observe their appearance and character, and ask such questions himself as he may desire, in order to fully determine the reliability and responsibility of the sureties.     Any other practice would subject the courts, perhaps, to the requirement of accepting bonds apparently good on their face, but which are, in fact, straw bonds, and given by sureties from whom, a year hence, not a dollar could be made.     It is of the greatest importance, particularly after conviction of so serious a crime as that for which the petitioner is now under sentence, that the bail bond be absolutely good and sufficient to require the return of the party to the officer, to carry out the judgment that the supreme court may render.

It is the duty of these sureties to appear before the clerk of the district court of Kingfisher county, and satisfy him of their sufficiency and this court should not interefere by *habeas corpus*, if at all, in such cases, until every proper means has been employed to give a bond as the statute contemplates and requires.     They cannot justify before some other officer than the clerk of the district court, and then institute *habeas corpus* in the supreme court to be admitted to bail in such cases, because the clerk declines to approve the bond.

Upon the second question it will be observed from the section of the last Session Law above referred to, that it

is the duty of the trial court to determine the time which a defendant in a criminal case shall have within which to give his bond. The circumstances of the case are known to the trial court more fully than they could possibly be shown to, or known by this court, which is an appellate court. The trial court observed the defendant; he saw all the witnesses; he heard all the circumstances and surroundings of the case, and is better qualified than the supreme court to say how much time should be given within which to give a bond. At any rate, the legislature has placed that duty upon the trial court; it is a discretion vested in the trial court. The judge of the trial court may, if the application is made to him, perhaps, see a reason for extending the time to give a bond; and such applications should be addressed to the trial judge, and not to the supreme court.

The writ prayed for is denied.

All the Justices concurring.