*Ex parte* P. F. TYLER.

No. A-152.    Opinion Filed June 26, 1909.

(102 Pac. 716.)

1.  HABEAS CORPUS—Grounds of Relief—Refusal of Clerk to Approve Bail Bond. Section 1, art. 2, c. 29, p. 334, Sess. Laws 1905, provides that, "if the crime of which the defendant is convicted be a bailable one, the court shall at the time of entering judgment notify the defendant of his right to an appeal and fix the amount of his bail bond, as well as the time within which such bond shall be given and the petition in error filed in the Supreme Court. To be approved by the clerk of the district court." The Criminal Court of Appeals will not allow the writ of habeas corpus to determine whether or not the action of a clerk of the district court in refusing to approve a bail bond is unreasonable, arbitrary, and oppressive. A party should present his grievance in this regard to the trial court or judge thereof.

2.  SAME—Bail—Pendency of Appeal. Prior to filing the petition in error in this court, only the question of excessive bail will be considered on habeas corpus. When an appeal is, perfected pending the appeal this court will. on proper showing make all necessary orders relating to bail.

3.  STATUTES—Construction. In the construction of a statute, where the court finds in a particular clause an expression not

so definite in its import as those used in other parts of the same statute, if upon review of the whole act the real intention of the lawmaking power can be collected from the definite and extensive expressions used in other parts of the same statute, a construction should be adopted that will give effect to the definite expressions used, unless such a construction contravenes some other potent provision of law.

4. JUDGMENT—Writ of Error—Stay of Judgment. A defendant should have the advantage of every right which the law secures to him before his conviction should be made final. The aforesaid section further provides that: "If no bond be given, the appeal shall stay the execution of the judgment, but the defendant shall be confined in the county jail until the case is finally disposed of." The plain purpose of this provision is to stay the execution of the judgment pending an appeal, to reverse, vacate or modify the same, also, while proper proceedings are being taken within the time allowed, to make and serve a case and within the time fixed for filing the petition in error in the Criminal Court of Appeals.

5. SAME—Writ of Error—Stay of Judgment—Waiver. Where defendant fails to give notice of his intention to appeal, he waives his right to have the execution of judgment stayed pending the appeal, and where notice of appeal has been given, if the defendant fails to make and serve a case within the time allowed, or fails to file said case with the papers in the case, or fails to file his petition in error in the Criminal Court of Appeals within the time fixed by the court, he thereby waives his right to have the execution of judgment stayed pending his appeal, and upon such failure or default, the commitment should issue.

(Syllabus by the Court.)

Original petition by P. F. Tyler for a writ of *habeas corpus.* Relief allowed in part.

The petition sets forth: That P. F. Tyler was on the 21st day of April, 1909, in the district court of Blaine county, Okla., convicted of the crime of forgery, and was on the 22d day of April 1909, sentenced by the court to be imprisoned in the state penitentiary for a term of three years at hard labor, to all of which proceedings petitioner excepted, and prayed an appeal to the Criminal Court of Appeals. The court allowed 60 days to make and serve a case-made, fixing the amount of his bail bond in the sum of $2,000, and made an order requiring said bond to be given within six days. The petitioner on the 28th day of April presented

to the clerk of the district court of Blaine county his bail bond in proper and legal form, and in the sum of $2,000, with one W. B. Piper, a citizen of Blaine county, as surety, also a verified qualification, showing that said surety justified in the sum of $15,000, over and above all his exemptions, debts, and liabilities. That said district clerk refused to approve said bail bond for the reason that said surety, among other things, listed a cash item of $10,000 on deposit in the Blaine County Bank; also, that all necessary steps have been taken to perfect his appeal to the Criminal Court of Appeals; that on April 23d he filed his affidavit with the clerk of said district court to obtain the evidence and record of said case at the costs of the county by reason of his poverty. That, on said date, the court made an order granting said request. That he in good faith expects to perfect said appeal within the time allowed by the court. That Geo. A. McArthur, the sheriff of Blaine county and W. B. Skeen, his deputy are now transporting said petitioner to the state penitentiary at McAlester. That said petitioner as a matter of right under the law should be released upon the said bail bond. That, pending his appeal without bail, he should be confined in the county jail of Blaine county, Okla. That said sheriff and deputy sheriff are unlawfully detaining said petitioner at a place other than the county jail of Blaine county. Petitioner prayed the issuance of a writ of *habeas corpus,* commanding said sheriff and deputy sheriff to bring the body of the said petitioner before the Criminal Court of Appeals; that the matters and things therein alleged may be duly inquired into; and, after due examination of the same, that he be discharged on said bail bond, or, failing so to do, that he be remanded to the county jail of Blaine county pending the determination of his appeal by this court.

Said petition was duly filed with this court on April 30, 1909, and a writ of *habeas corpus* was on said date issued and made, returnable on the 1st day of May, 1909, which return day by order made was extended to May 3, 1909. Service was had on said respondents at Oklahoma City on the day the writ issued. On

May 3, 1909, respondents appeared before this court, having with them the body of said petitioner, together with said writ, and made return showing that by virtue of an order of commitment issued to the sheriff of Blaine county by the clerk of the district court of Blaine county on April 29, 1909, said sheriff, assisted by his said deputy, was transporting prisoner to the state penitentiary; that while on their way at Oklahoma City they were served with the writ issued in this case. Evidence was heard and petitioner was given 20 days to serve and file briefs, and respondent 10 days to file answering briefs. On June 7th said cause was submitted.

*A. J. Lowary* and *Frank McGuire,* for petitioner.—Copy of brief did not reach the reporter.

*Chas. L. Moore,* Asst. Atty. Gen., and *H. N. Boardman,* Co. Atty., for respondents.—On question of when appeal is taken, conferring jurisdiction on appellate court: *Bailey et al. v. Territory,* 9 Okla. 461; *McClung v. Glascow* (Kan.) 40 Pac. 329: *Ex parte Clendenning,* 1 Okla. Cr. 227.

On scope of inquiry in *habeas corpus: In re McNaught,* 1 Okla. Cr. 528.

DOYLE, Judge. (after stating the facts as above). In the first question presented this court is asked to review the action of the clerk of the district court of Blaine county in refusing to approve the bail bond offered by petitioner, and that said bond be examined and approved by this court. This question will not be considered by the court in this case. If a party feels himself aggrieved by the action of a clerk of the district court in refusing to approve a bail bond, and complains that the action of the clerk is unreasonable, arbitrary, and oppressive, he should present his grievance to the trial court or judge thereof. Before filing the petition in error in this court, only the question of excessive bail will be considered. However, when an appeal is perfected, and the crime is a bailable one, pending the appeal, this court will on proper showing make all necessary orders relating to bail.

The important question involved in this case on the uncontroverted facts is: Did the clerk of the district court of Blaine county improvidently issue the commitment to respondent the sheriff of said county? It is contended by counsel for petitioner and argued in their brief that the trial court having made an order allowing 60 days to make and serve a case, and the further order that a transcript of the evidence should be furnished petitioner for the purpose of his appeal, under the laws of Oklahoma the said officer wrongfully and without authority of law removed petitioner from the county jail of Blaine county for the purpose of transferring him to the state penitentiary. We must therefore determine in what manner and at what time does the appeal in a bailable criminal case where no bail bond is given stay the execution of the judgment.

Section 1, art. 2, c. 29, p. 334, Sess. Laws 1905, provides:

"That section 476, being general section 5612, Wilson's Revised and Annotated Statutes of Oklahoma, 1903, be and the same is hereby amended to read as follows: If the crime of which the defendant is convicted be a bailable one, the court shall at the time of entering judgment notify the defendant of his right to an appeal and fix the amount of his bail bond, as well as the time within which such bond shall be given and the petition in error filed in the Supreme Court, and during the time fixed for the giving of such bond, execution of the judgment shall be stayed and if the bond be given within the time fixed, execution of the judgment shall thereupon be stayed during the time fixed for the filing of the petition in error in the Supreme Court. The court or judge thereof, may, for good cause and in furtherance of justice, extend the time for the giving of such bail bond or filing the petition in error in the Supreme Court. If an appeal is taken and the bond so fixed is given by the defendant, conditioned that the defendant will appear, submit to and perform any judgment rendered by the Supreme Court or district court, or probate court, in the further progress of the cause, and not depart without leave of the court, to be approved by the clerk of the district court, or the probate court, the execution of the judgment shall be stayed until affirmed or reversed, or modified by the Supreme Court. If no bond be given, the appeal shall stay the execution of the

judgment, but the defendant shall be confined in the county jail until the case is finally disposed of. If pending the appeal the bond be given, the further execution of the judgment shall be stayed and the defendant if incarcerated shall be released. In all cases where the sentence is for a crime not bailable, the appeal shall suspend execution, until the matter is determined by the Supreme Court, and the defendant in the meantime shall be confined to the territorial prison."

Here are two distinct provisions. The first provides that: "If an appeal is taken and the bond so fixed is given by the defendant, conditioned, etc., the execution of the judgment shall be stayed until affirmed or reversed, or modified by the Supreme Court." The second provides that: "If no bond be given, the appeal shall stay the execution of judgment, but the defendant shall be confined in the county jail, until the case is finally disposed of." The first provides for a supersedeas bond when an appeal is taken. The latter dispenses with a bond, but stays the execution when the appeal is taken. The greater includes the less as in many other instances, but the less does not necessarily extinguish the greater. The section amended (5612, Wilson's Rev. & Ann. St. 1903) originally provided: "If no bond be given the appeal shall not stay the execution of the judgment" as amended it omits the word "not," and adds: "But the defendant shall be confined in the county jail until the case is finally disposed of." This amendment was manifestly designed to prevent the imprisonment in the penitentiary of a defendant pending his appeal from a judgment of conviction. The original section was further amended by interpolating after the word "bond" in the fourth line the following clause:

"As well as the time within which such bond shall be given and the petition in error filed in the Supreme Court, and, during the time fixed for the giving of such bond, execution of the judgment shall be stayed, and, if the bond be given within the time fixed, execution of the judgment shall thereupon be stayed during the time fixed for the filing of the petition in error in the Supreme Court. The court or judge thereof may, for good cause and in furtherance of justice, extend the time for the giving of

such bail bond or filing the petition in error in the Supreme Court."

Said section further provides:

"The case so made, or a copy thereof, shall within thirty days after the judgment or order is entered, be served upon the opposite party, or his attorney who may, within three days thereafter, suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall be submitted to the judge, who shall settle and sign the same and cause it to be attested by the clerk or probate judge, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. Such original case-made shall be filed with the petition in error. The exceptions stated in the case shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken. The court or judge may, upon good cause shown, extend the time for making a case and the time within which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and the amendments suggested, which when so made and presented, shall be settled, certified and signed by the judge who tried the case; and the same so settled and made shall thereupon be filed with the papers in the cause."

For the purpose of staying the execution of the judgment under this section as amended, it would seem to be the duty of the trial court to fix the time within which the petition in error shall be filed in the Criminal Court of Appeals.

We are not disposed to defeat the object of the statute by so construing it as to make it a nullity. The true inquiry in the interpretation of statutes is to ascertain the intention of the law-making power in order to give it proper effect; and the only reasonable construction that can be placed on this provision is that upon the court notifying the defendant of his right to appeal, and fixing the time within which the petition in error shall be filed in this court, as provided in said section aforesaid, and upon the defendant giving notice that he intends to appeal, the judgment of imprisonment in the state penitentiary shall thereupon be stayed for a period of not less than 33 days, the statutory time to

make and serve a case. Should the court or judge thereof extend the time for making a case, and the time within which the case may be served, the time for settling, certifying, and signing the case should be limited, also the time should be fixed for filing the petition in error in the Criminal Court of Appeals. The defendant should have the advantage of every right which the law secures to him before a conviction should be made final. Among these rights, the defendant has the right of appeal, the right to give bail, if the crime be a bailable one, and the right to have the execution of the judgment of imprisonment in the state penitentiary stayed pending the appeal, even though no bail bond is given. However, if the defendant when judgment is entered, and he is notified of his right to an appeal, fails or neglects to give notice of his intention to appeal, he waives his right to have the execution of judgment stayed pending appeal. And if the defendant where notice of appeal has been given fails to make and serve a case made within the time allowed by the statute, or within such time as may be allowed by the court or judge thereof, or where he fails to file his petition in error and case-made in the Criminal Court of Appeals within the time fixed by the court, he thereby waives his right to have the execution of the judgment stayed pending his appeal, and thereupon the judgment should be carried into execution.

Counsel for the state in their brief argue that to give force and effect to this provision of said section as amended no defendant in a criminal case could be transported to the state penitentiary for a period of one year after his conviction, for the reason that under the statute (section 5609, Wilson's Rev. & Ann. St. 1903) every defendant as a matter of right has one year after judgment is rendered in which to take his appeal, but neither reason nor authority has been adduced to support this argument. Such a construction would make this provision an anomaly in our Criminal Procedure on appeal. There is a rule of construction which we think applicable to this question, and it is, where the court finds in any particular clause an expression not so de-

finite and expressive in its import as those used in other parts of the same statute, if, upon a view of the whole act, the real intention of the lawmaking power can be collected from the definite and more extensive expressions used in the other parts, the court should give effect to such definite expressions, unless such a construction contravenes some other potent provision of the law. While said second provision is somewhat indefinite, yet, when we consider it with the direct and definite expressions of the provision providing for supersedeas and prescribing the practice in cases of bail, the obvious intention of the lawmaking power as manifested in these amendments was to prevent the degradation of a defendant by incarceration in the state penitentiary pending his appeal, who might thus secure a reversal of the judgment of conviction, and who by reason of his poverty was unable to give a supersedeas bond. We believe it is clearly contemplated by these amendments and the act as a whole that the execution of a judgment of imprisonment in the state penitentiary shall be stayed by proper proceedings taken to reverse, vacate, or modify the judgment on appeal, and it is the privilege of a defendant unable to give bail pending his appeal to be held in the county jail.

In this case the record shows that upon the court rendering judgment, and notifying defendant of his right to an appeal, defendant thereupon prayed an appeal to the Criminal Court of Appeals, whereupon the court extended the time to 60 days in which to make and serve a case, which time will not expire until the 21st day of June, 1909. The record further shows service of notices upon the clerk of the district court of Blaine county, and upon the county attorney of said county wherein the defendant states that he appeals from said judgment. The record also shows that all necessary proceedings have been taken to perfect the appeal in said case from the district court of Blaine county to the Criminal Court of Appeals.

Our conclusion is that said commitment was improvidently issued, and said petitioner was unlawfully restrained of his liberty outside the common jail of Blaine county. Wherefore the judg-

ment of this court is that said writ be allowed as to the restraint complained of, and said petitioner is hereby remanded to the custody of the sheriff of Blaine county, to be held by said sheriff in the common jail of said county pending the time for perfecting his appeal in said cause to this court, and during the pendency of said appeal before this court.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.