## J. M. KILLOUGH v. STATE.

No. A-670. Opinion Filed November 4, 1911.

(118 Pac. 620.)

1. APPEAL AND ERROR—Supersedeas. The power and authority of trial courts to allow bail pending appeal can only be exercised in the manner provided by statute, and, where the trial court fixes the amount of defendant's bail bond to be given as a supersedeas on appeal, it must fix the time within which such bond shall be given, and the time within which the petition in error shall be filed in the Criminal Court of Appeals; otherwise such an appeal bond shall not be effective as a supersedeas.

2. SAME—Record—Filing and Service. Where a defendant fails to make and serve a case-made or transcript within the time allowed by the statute or within such extended time as may be allowed by the trial court or judge thereof, or where he fails to file his petition in error in the Criminal Court of Appeals within the time fixed by the court, he thereby waives his right to have the execution of the judgment stayed pending the perfection of his appeal, and any bail bond given ceases to be effective as a supersedeas upon such failure to comply with the orders of the court. It is then the duty of the trial court to have its judgment carried into execution.

3. SAME—Record—Questions Presented for Review. In the absence from the record of all the evidence taken upon the trial, a general exception to all the instructions of the court, specifying no particular error or errors, will not be considered on appeal unless fundamental error is apparent.

4. SAME—Review—Presumptions—Sufficiency of Evidence. In the absence of all the evidence taken upon the trial from the record filed in this court, the presumption will be that the evidence was amply sufficient as to the guilt of the defendant of the offense charged.

5.    **SAME—Record—Sufficiency.** It is the duty of a court of last resort to see to it that a person convicted of crime was accorded a fair and impartial trial and the enjoyment of every legal right. However, in order to secure this determination, the appeal must be taken in the manner prescribed by law, and the record before the appellate court must be sufficient to enable it to properly pass upon the errors assigned in the petition.

6.    **SAME—Review—Burden of Showing Error.** Error must affirmatively appear from the record; it is never presumed. Every presumption favors the regularity of the proceedings had upon the trial. The plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the trial court will be affirmed.

7.    **TRIAL—Instructions—Construction as a Whole.** When the instructions as a whole, taken and considered together, embrace the law of the case, though one of them may be erroneous, still for such error a judgment of conviction will not be reversed unless it shall appear from the whole record that it was prejudicial to the substantial rights of the defendant, or by reason thereof it seems probable that injustice may have been done.

(Syllabus by the Court.)

*Appeal from District Court, Beaver County; R. H. Loofbourrow, Judge.*

J. M. Killough was convicted of burglary in the first degree and sentenced to imprisonment for 12 years, and appeals. Affirmed.

*Dickson & Dickson (Harris & Nowlin* and *Kenneth C. Crain,* of counsel), for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.    The plaintiff in error was indicted in the district court of Beaver county for the crime of burglary in the first degree. The charging part of the indictment is as follows:

"That J. M. Killough, late of the county and state aforesaid, on or about the 30th day of June in the year one thousand nine hundred eight in the said county of Beaver, and state of Oklahoma, did then and there unlawfully, wilfully, burglariously and feloniously break into and enter, in the night-time of said day by opening a window, the dwelling house, of another, to wit, the dwelling house of J. A. Barker, in which there was then and there at the time some human being, to wit, one Lucy Wilson,

with the unlawful, wilful and felonious intent then and there to commit some crime therein, to wit, with the unlawful, wilful and felonious intent then and there to have unlawful carnal sexual intercourse with her, the said Lucy Wilson, she the said Lucy Wilson then and there being a female under the age of sixteen years and not the wife of him, the said J. M. Killough, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

Upon his trial the jury returned a verdict of guilty and fixed his punishment at imprisonment for 12 years in the penitentiary. In conformity thereto judgment and sentence was rendered and entered on March 20, 1909. The court also made an order giving 30 days in which to make and serve a case-made, and 20 days in which to suggest amendments. On March 19, 1910, a petition in error with a transcript of the pleadings, the instructions of the court, and the judgment and sentence were filed in this court.

It appears from the transcript that at the time of entering judgment the court fixed the amount of the defendant's appeal bond in the sum of $2,500. The fixing of this amount, so obviously insufficient considering the judgment and sentence, is inexplicable. The transcript does not show that the trial court fixed a time within which such appeal bond should be given, nor the time for filing the petition in error in the Criminal Court of Appeals. It further appears that on April 12, 1909, an appeal bond in said sum was given, and approved by the clerk of said district court.

If the crime of which the defendant is convicted be a bailable one and the trial court fixes the amount of the defendant's bail bond to be given as a supersedeas on appeal, it must fix the time within which such bond shall be given, and the time in which the petition in error shall be filed in the Criminal Court of Appeals; otherwise such bail bond shall not be effective as a supersedeas.

The power and authority of trial courts to allow bail and to fix the amount of the bail bond pending appeal can only be exercised in the manner provided by statute (section 6951, Sny-

der's Stat.), otherwise a plaintiff in error, when he has perfected his appeal, must apply to this court for a supersedeas order fixing the amount of his bail bond.

Where the defendant fails to make and serve a case-made or transcript within the time allowed by the statute, or within such extended time as may be allowed by the trial court or judge thereof, or where he fails to file his petition in error in the Criminal Court of Appeals, within the time fixed by the court, he thereby waives his right to have execution of the judgment stayed pending the perfecting of his appeal, and any bail bond given ceases to be effective as a supersedeas. Upon a failure to comply with such orders of the court, it then is the duty of the trial court to have its judgment carried into execution.

Whether or not, upon the failure to make and serve a case-made within the time allowed by the court, the judgment in the case at bar was carried into execution, does not appear from the record. It is important to note that this appeal was not filed in this court until the last day but one of the year allowed under the old law for taking appeals, and then only a partial transcript of the record was filed. The brief of the learned counsel for defendant presents two assignments of error, based on two of the instructions of the court.

The record shows that only the following exception to the instructions was taken: "The defendant excepts to each and all of the foregoing instructions." A general exception such as this specifying no particular error or errors in the instructions given, in the absence of all the evidence introduced upon the trial, will not be considered on appeal, unless fundamental error is apparent.

Section 6857, Snyder's Stat., provides:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict, and if it state the testimony of the case, it must in addition inform the jury that they are the exclusive judges of all questions of fact. Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given, if not,

it must be refused. Upon each charge presented and given or refused the court must indorse or sign its decision. If part of any written charge be given and part refused the court must distinguish, showing by the indorsement or answer what part of each charge was given and what part refused."

In the case of *Buck v. Territory,* 1 Okla. Cr. 517, 98 Pac. 1017, Presiding Judge Furman used the following language:

"We think that this practice is to be condemned. We regard it as unfair to the trial judge, and unjust to the state. In one paragraph of an instruction, as a mere matter of inadvertence, an error may have been made which, if specifically called to the attention of the court, would have been corrected; but, under the practice approved, but not commended, a defendant, by stating that he 'excepts to each and every and all of the instructions given by the court separately,' can cover up his real exception, and, if the hazard of the legal battle turns against him, he can in the appellate court abandon his other exceptions, and rely alone upon the inadvertent error, and thus defeat the ends of justice and secure a reversal at great expense to the state, when, if he had presented his real objection openly and fairly and in good faith, the trial court would have corrected the error before harm was done. This practice enables designing lawyers to dig pitfalls and lay ambuscades for the trial court. No end of justice is promoted by this rule. It cannot serve a single fair purpose in the trial of a case, and results in evil and injury, rather than a fair play and justice. The purpose of an exception is twofold. It should notify the trial court of the specific objection relied upon. The presumption of law is that no judge commits wilful error. If his attention is called to the specific objection, the presumption of law is that he will correct any error that may be pointed out. If the court fails to make the correction, then the exception preserves the matter alleged to be error, for review in this court. Unless the trial court is put upon notice of the specific point relied upon as error, and if such point can be pointed out for the first time in this court, then this is a court of original jurisdiction, when, as a matter of fact, as to such matters, this court has appellate jurisdiction only. The competent and careful lawyer investigates the legal questions involved in his cases before he tries them, and should be able to detect and except to errors in the instructions given at the time. Any fair judge should, and doubtless would, give reasonable time in which counsel can look over and note exceptions given before they are

read to the jury. A refusal to do this would render the trial un-
fair, which would be in violation of the Constitution, which guar-
antees to every defendant a fair trial, and would be ground for
reversal, if it appeared that any portion of the instructions given
were prejudicial to the defendant. It may be urged that the
practice saves time. It may save a little time during each trial,
but it may result in the loss of much more time, and in great
expense to the state, and in the defeat of justice, by re-
quiring the reversal of cases on account of the errors which
would have been cured if the attention of the trial court
had been specifically called to them in apt time. Lawyers should
present questions fairly and fully in the trial court. They should
do this as an act of justice to themselves, opposing counsel, the
trial judge, and the state of Oklahoma. To say that an excep-
tion is taken to each, and all, and every paragraph, in instruc-
tions given to a jury separately, amounts only to a general ex-
ception, unless shadow is of more value than reality. Such ex-
ceptions do not carry the stamp of good faith upon their face.
It is not believed that such exceptions are taken because counsel
honestly believed that there was error in each paragraph in an
instruction to a jury. It is an ambush, a subterfuge, a mockery,
a snare, and a delusion. We are discussing the principle involved
in this practice, and are showing its rank injustice. No personal
reflections are intended to be cast upon counsel. We are simply
pointing out the abuse which will creep into our system of crim-
inal jurisprudence if this practice is allowed to be continued."

Unquestionably it is the duty of a court of last resort to
see to it that a person convicted of crime was accorded a fair
and impartial trial, and the enjoyment of every legal right. How-
ever, to secure this determination by a court of last resort, an
appeal must be taken in the manner prescribed by law, and the
record before the court must be sufficient to enable the court to
properly pass upon the errors assigned in the petition.

Error must affirmatively appear from the record. It is never
presumed. Every presumption is in favor of regularity of the
proceedings had upon the trial. The general rule often an-
nounced by this court is that the plaintiff in error must affirma-
tively show prejudicial error; otherwise the judgment of the
lower court will be affirmed.

In the absence of a transcript of the evidence or any part thereof in the case at bar, the presumption is that the evidence was amply sufficient as to the guilt of the defendant of the offense charged.

The position assumed by counsel for the defendant is that, if error is found in the instructions, the judgment of conviction must then be reversed, whether such error operates to the prejudice of the defendant or not. Such is not the law in this jurisdiction. In many cases determined by this court, the contrary doctrine is announced. This court has often held that when the instructions as a whole, taken and considered together, embrace the law of the case, though one of them may be erroneous, still, for such error, a judgment of conviction will not be reversed unless it shall appear from the whole record that it was prejudicial to the substantial rights of the defendant, or by reason thereof it seems probable that injustice may have been done. The instructions here, taken as a whole, substantially and fairly present the law of the case. That is sufficient, and for the reasons stated we shall not attempt to decide whether or not the instructions complained of were erroneous.

On the partial record before us we will not disturb the verdict and judgment. Sufficient to say that we find there is no such prejudicial error therein as will justify a reversal thereof.

The judgment of the district court of Beaver county will therefore be affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.