## *Ex parte* BURTON.

No. 8714.    Opinion Filed November 28, 1916.

(161 Pac. 532.)

**HABEAS CORPUS—Discharge—Review on Appeal.** Where, upon judgment of conviction for a felony and sentence to a term of imprisonment, the amount of appeal bond to be given by defendant in the judgment is fixed and time allowed in which to execute and file same, and defendant tenders an appeal bond within the time allowed which the clerk refuses to approve and no complaint of the action of the clerk is presented to the trial court, or judge thereof, but a petition for writ of **habeas corpus** is filed in the Criminal Court of Appeals which is denied, and afterwards a petition for writ of **habeas corpus** is presented to the Supreme Court upon the same state of facts, and it appears that the conclusion reached by the Criminal Court of Appeals is correct, the writ will be discharged and petitioner remanded to the custody of the respondent.

(Syllabus by the Court.)

Application by Joe Barton for writ of *habeas corpus*. Writ discharged.

*F. E. Riddle* and *H. H. Edwards,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., and *A. R. Garrett,* Co. Atty. of Greer county, for respondent.

HARDY, J.    Petitioner, Joe Burton, was convicted of manslaughter in the first degree in the district court of Greer county, and on September 1, 1916, was sentenced to imprisonment in the state penitentiary for a term of 15 years.    Notice of appeal was duly served.    At the time of passing sentence, the court granted an extension of 90 days in which to prepare and serve case-made and fixed the amount of the appeal bond at $12,000 and allowed 20 days from that date in which to execute and file same. Bond was not given within the time allowed.    On Sep-

tember 30th, Hon. T. P. Clay, the regular judge of the Eighteenth judicial district, of which Greer county forms a part, made an order extending the time within which an appeal bond might be given until and including the 20th day of October, on which last-named date he granted a further extension of ten days. On October 19th, Hon. R. W. Higgins, the regularly elected judge of the Fourth judicial district, who had been assigned by the Chief Justice of this court to hold court in Greer county and before whom petitioner was tried and convicted of said crime, made an order extending the time theretofore granted for a period of 20 days. When the original order of extension was made fixing the time in which appeal bond might be given and case-made prepared and served, the court fixed no time in which the appeal should be filed in the Criminal Court of Appeals. On October 21, 1916, upon motion of the county attorney of Greer county, Judge Clay in chambers set aside the various orders of extension theretofore made in the cause for the reason that in his opinion said orders were invalid because no time had been fixed in which the appeal should be lodged in the appellate court. The order directed the sheriff of Greer county to execute the judgment against petitioner by delivering him to the warden of the state penitentiary.

Petitioner insists that the various orders of extension were valid, and that the time in which his appeal should be filed in the Criminal Court of Appeals was fixed by section 5991, Rev. Laws 1910, at six months from the date of the judgment, and that under the provisions of section 5994, where the court fixed the time within which the appeal bond should be given and the time in which the case-made should be prepared and served, the order operated to stay the execution of judgment during the time fixed by the

various orders for the giving of said appeal bond. On the other hand, respondent contends that the original order did not operate as a stay of said judgment because it failed to fix the time in which the appeal should be filed in the Criminal Court of Appeals. Such was the construction placed upon the statute by that court prior to the adoption of the present code. *Ex parte Tyler,* 2 Okla. Cr. 455, 102 Pac. 716; *Killough v. State,* 6 Okla. Cr. 311, 118 Pac. 620.

The statutes now in force contain some important revisions which are said to change this rule. We deem it unnecessary to determine this question, for the reasons hereinafter given. Petitioner alleges that he presented a good and sufficient bond to the clerk on October 21st, which the clerk arbitrarily refused to approve upon the erroneous view of the law that he was without authority so to do because the various orders of extension had been vacated. In the return to the writ, the order setting aside these extensions is set out, and it is further alleged that the court clerk of Greer county had refused to approve said bond because the sureties thereon, in his opinion, were insufficient.

In *Ex parte Tyler,* 2 Okla. Cr. 455, 102 Pac. 716, Tyler had been convicted of forgery and sentenced to a term of imprisonment and prayed an appeal. Time had been fixed in which to prepare and serve a case-made, and the amount of the appeal bond set and time fixed in which same should be given. He presented a bond to the clerk of the district court which the clerk refused to approve, and thereupon filed an original petition in the Criminal Court of Appeals for a writ of *habeas corpus.* In the opinion of Judge Doyle it is said:

"In the first question presented, this court is asked to review the action of the clerk of the district court of

Blaine county in refusing to approve the bail bond offered
by petitioner, and that said bond be examined and ap-
proved by this court. * * * If a party feels himself
aggrieved by the action of a clerk of the district court in
refusing to approve a bail bond; and complains that the
action of the clerk is unreasonable, arbitrary, and oppres-
sive, he should present his grievance to the trial court or
judge thereof. Before filing the petition in error in this
court, only the question of excessive bail will be considered.
However, when an appeal is perfected, and the crime is a
bailable one, pending the appeal, this court will, on proper
showing, make all necessary orders relating to bail."

From the above quotation it appears that that court
will not pass upon the sufficiency of sureties upon a bail
bond offered by defendant after judgment of conviction
and before his appeal is lodged therein, but after filing
his petition in error will, on a proper showing, make all
necessary orders relating to bail; and this petitioner, by
properly filing his petition in error, may secure all the
relief to which he is entitled, including the approval of a
bail bond if sufficient and his discharge from further
custody, which procedure is authorized by section 5995,
Rev. Laws 1910. *Killough v. State, supra.*

*In re Raidler,* 4 Okla. 417, 48 Pac. 270, presents
another phase of the question here involved. The pe-
titioner there was convicted in the district court of King-
fisher county of attempting to rob the United States mails,
and sentenced to a term of imprisonment in the peniten-
tiary at Columbus, Ohio. An appeal was granted and the
amount of the appeal bond fixed. He filed a petition in
the Supreme Court of the territory alleging that he had
presented a good and sufficient bond which the clerk re-
fused to approve, and prayed for a writ of *habeas corpus,*
and also that a writ of *certiorari* be issued commanding

the clerk of the district court and the judge thereof to certify their action in reference to his application for bail to the Supreme Court, and that that court examine and approve the bond. One of the reasons there given by the clerk for refusing to approve the bond tendered was that the sureties had not qualified thereon before him in person, but had executed their schedules before other officers. In denying the relief sought, the court said:

"It is the duty of these sureties to appear before the clerk of the district court of Kingfisher county, and satisfy him of their sufficiency, and this court should not interfere by *habeas corpus,* if at all, in such cases, until every proper means has been employed to give a bond as the statute contemplates and requires. They cannot justify before some other officer than the clerk of the district court, and then institute *habeas corpus* in the Supreme Court to be admitted to bail in such cases, because the clerk declines to approve the bond."

It is further urged that, even though the action of the clerk in refusing to approve the bond will not be inquired into in this proceeding, the orders of extension had not expired, and petitioner was entitled to remain in the county jail until the expiration thereof. At the time this case was submitted, all of the purported orders of extension had expired, and no bond had been approved by the clerk; therefore the time in which petitioner was entitled to remain in the county jail according to his own contention has now expired, and there is nothing for us to do but remand him to the custody of respondent. Previous to the filing of the petition in this case, it appears that petitioner had applied to the Criminal Court of Appeals for a writ upon the same state of facts here presented, which application was by that court denied. While the order of the Criminal Court of Appeals denying the writ is not a bar to a further ap-

plication to this court, still its order made in the premises is entitled to consideration, and, it appearing that the conclusion reached is correct, it will be followed by this court. *Ex Parte Justus,* 26 Okla. 101, 110 Pac. 907.

The writ should be discharged, and the petitioner remanded to the custody of respondent, and it is so ordered.

All the Justices concur.