*Ex parte* JOE BURTON (two cases).

Nos. A-2850, A-2880.   Opinion Filed April 12, 1917.

(164 Pac. 135.)

1.  **HABEAS CORPUS—Bail—Scope of Hearing—Jurisdiction of Appellate Court.** Prior to filing the petition in error in this court, only the question of excessive bail will be considered on **habeas corpus.** When an appeal is perfected, this court will, on proper showing, make all necessary orders relating to bail.

2.  **APPEAL AND ERROR—Bail Bond—Supersedeas.** The power and authority of trial courts to allow bail pending appeal can only be exercised in the manner provided by statute, and, where the trial court fixes the amount of defendant's bail bond to be given as a supersedeas on appeal, it must fix the time within which such bond shall be given and the time within which the petition in error shall be filed in the Criminal Court of Appeals; otherwise such an appeal bond will not be effective as a supersedeas.

*Habeas corpus* by Joe Burton against the Sheriff of Greer County. Petitioner remanded to custody.

*F. E. Riddle, Moman Pruiett,* and *Victor Sniggs,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., and *S. B. Garrett,* Co. Atty, for respondent.

PER CURIAM. On the 28th day of September, 1916, there was filed an application to this court for a writ of *habeas corpus,* alleging that petitioner, Joe Burton, was convicted in the district court of Greer county of manslaughter in the first degree, and on September 1, 1916, was sentenced to imprisonment in the penitentiary for 15 years; that said district court at the time of passing sentence fixed the amount of his appeal bond at $12,000, to be filed and approved within 20 days from date; that petitioner has filed and presented to the court clerk of Greer county his appeal bond in proper and legal form, with good and sufficient sureties, and that said court clerk arbitrarily refuses to approve the same; that all necessary steps have been taken to perfect his appeal from said judgment to this court; that unless said bond is approved the sheriff of Greer county will transport the petitioner to the penitentiary. On the same day a hearing was had upon the petition and a demurrer thereto filed by counsel for the state.

In the case of *Ex parte Tyler,* 2 Okla. Cr. 455, 102 Pac 716, it is said:

"If a party feels himself aggrieved by the action of a clerk of the district court in refusing to approve a bail bond, and complains that the action of the clerk is unreasonable, arbitrary, and oppressive, he should present his grievance to the trial court or judge thereof. Before filing the petition in error in this court, only the question

of excessive bail will be considered. However, when an appeal is perfected, and the crime is a bailable one, pending the appeal this court will, on proper showing, make all necessary orders relating to bail."

Following this rule, the demurrer was sustained, and the writ denied.

On the 29th day of November, 1916, another and similar application to this court for writ of *habeas corpus* was filed. It further alleged that the sheriff of Greer county was then in Oklahoma City with petitioner on his way to the penitentiary.

A writ of *habeas corpus* was thereupon issued out of this court directed to the sheriff of Greer county, commanding him to produce forthwith before this court the petitioner, then in his custody, to the end that the matters and things therein alleged might be duly inquired into. The sheriff, in obedience to the demand of the writ, brought said petitioner before the court and made return to the writ.

It appears that when the court pronounced judgment no time was fixed for filing the petition in error in this court, and said court has since fixed no time for filing the same in this court.

In the case of *Killough v. State*, 6 Okla. Cr. 311, 118 Pac. 620, it is said:

"If the crime of which the defendant is convicted be a bailable one, and the trial court fixes the amount of the defendant's bail bond to be given as a supersedeas on appeal, it must fix the time within which such bond shall be given and the time in which the petition in error shall be filed in the Criminal Court of Appeals; otherwise such bail bond shall not be effective as a supersedeas. The power and authority of trial courts to allow bail and to

fix the amount of the bail bond pending appeal can only be exercised in the manner provided by statute; * * * otherwise a plaintiff in error, when he has perfected his appeal must apply to this court for a supersedeas order fixing the amount of his bail bond."

Following this rule the petitioner must be remanded to the custody of the respondent.