WONG SUN v. FLUCKEY, Immigration Inspector.

(District Court, N. D. Ohio, E. D. October 6, 1922.)

No. 11569.

1. **Judgment** ⊜⟶713(2)—**Conclusive of issues which might have been tried.**

A former judgment is a bar not only as to matters actually argued and decided, but also as to all other matters which might have been put in issue, argued, and decided.

2. **Habeas corpus** ⊜⟶120—**Judgment denying writ affirmed on appeal conclusive.**

Where a judgment denying a writ of habeas corpus has been affirmed on appeal, the District Court may not entertain a new petition without change of circumstances, unless petitioner has first obtained leave from the Circuit Court of Appeals to renew his application.

3. **Habeas corpus** ⊜⟶119—**Doctrine of res judicata applicable to judgments affirmed on appeal.**

When the law gives the right of appeal or error from a judgment denying a writ of habeas corpus, and that right is exercised, and an affirmance has resulted, the doctrine of res judicata applies.

4. **Habeas corpus** ⊜⟶117(1)—**Doctrine of res judicata applicable to judgment.**

The right of an alien or Chinese person to be or remain in the United States stands on a different footing from the unlawful detention of one charged with crime in that it involves the question of petitioner's status, which may be determined once for all time, and, when so determined, the judgment, especially where affirmed on appeal, is conclusive under the doctrine of res judicata.

Habeas Corpus. Petition by Wong Sun against J. A. Fluckey, Immigration Inspector. Writ denied.

Wm. J. Dawley, of Cleveland, Ohio, for petitioner.

B. W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Petitioner is a person of Chinese descent, and not a citizen of the United States. His petition for a writ of habeas corpus challenges the validity of a deportation order made by the immigration authorities June 5, 1920. Upon presentation of his petition an alternative writ was issued, the petitioner produced in court, and return made thereto.

This case has a prolonged history. On August 3, 1915, the petitioner was arrested on a warrant issued by the Secretary of Labor, charging him with being in the United States unlawfully and having procured his admission by fraud. A warrant of deportation was made thereon April 5, 1916. He was discharged from custody under that order on a writ of habeas corpus March 28, 1918, following the decision of the

―――――――――

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

United States Supreme Court in United States v. Woo Jan, 245 U. S. 552, 38 Sup. Ct. 207, 62 L. Ed. 466, overruling Ex parte Woo Shing (N. D. Ohio) 226 Fed. 141. A new warrant was issued under section 19, General Immigration Act February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), by the Acting Secretary of Labor, charging him with being unlawfully in the United States, on the same grounds, namely, being found within the United States in violation of section 2, Chinese Exclusion Act (Comp. St. § 4316), and having procured his admission by fraud, not having been at the time of entry a lawfully domiciled exempt returning to resume a lawful domicile to follow an exempt pursuit in this country, and that he has been found within the United States in violation of section 6, Chinese Exclusion Act May 5, 1892, as amended by Act Nov. 3, 1893 (Comp. St. § 4320), being a Chinese laborer not in possession of a certificate. After another prolonged hearing, these charges were held to be sustained, and on June 15, 1920, the warrant of deportation now in issue was made.

The petition, briefly stated, attacks the deportation order on various grounds going to the fairness and regularity of the hearing accorded him, and the sufficiency of the evidence to justify the findings as made. These grounds need not be stated in detail. The answer denies all charges of unfairness, irregularity, and insufficiency of evidence. In addition thereto, the proceedings on a former application made by the petitioner against this same defendant, attacking the same order of deportation, are set up in the return as a bar.

The facts with reference to this former application and the result therein are not in dispute. The petitioner on June 29, 1920, presented to this court his application for a writ of habeas corpus against the present defendant. By this petition he sought to be discharged from custody and restraint under the present deportation order dated June 15, 1920, now in issue. In that application the validity of this deportation order was attacked on the grounds: First, that he had been given only an executive hearing by the immigration authorities, and not a judicial hearing before a United States justice, judge, or commissioner; and, second, that the hearing accorded him by the immigration authorities "was manifestly unfair and not impartial to this petitioner, but, on the contrary, was examined on several occasions by said J. Arthur Fluckey and his assistants, without the privilege of counsel, and found by said Fluckey to be unlawfully in the United States, solely from the testimony of witnesses, cross-examination of whom was not had by your petitioner's counsel." The return, after reciting in detail the proceedings before the immigration authorities, denies petitioner's right to a judicial, as distinguished from an executive, hearing, and also denied both specially and generally all other allegations relating to the unfairness and irregularity of the hearing and proceedings accorded by the immigration authorities. On December 14, 1920, his application was denied. From this judgment an appeal was prosecuted to the Circuit Court of Appeals, and on June 28, 1922, that court affirmed the judgment of the lower court.

These former proceedings are relied upon by defendant on the principles of res judicata as a bar to relief on the present application. Pe-

titioner, in reply, relies on two grounds: (1) That in the former proceedings the only question raised, or at least argued and decided, was the right to a judicial, as distinguished from an executive, hearing; (2) that the doctrine of res judicata has no application in a habeas corpus proceeding when the order is one refusing to issue or discharging the writ.

As to the first proposition, it is true that, so far as the record discloses, no question going to the validity of the deportation order was treated by the District Judge in his opinion other than petitioner's right to a judicial hearing. In the Circuit Court of Appeals the range of discussion and the questions treated in the opinion seem to have been broader. It was held in both courts that the immigration authorities, under section 19, General Immigration Act Feb. 5, 1917, might arrest and deport a person on an executive hearing only, notwithstanding he had entered the United States before that act was passed. This holding accords with the decision of the United States Supreme Court in Ng Fung Ho v. Edward White, 258 U. S. ——, 42 Sup. Ct. 492, 66 L. Ed. ——, decided May 29, 1922. It is not true, however, that the pleadings therein did not put in issue the fairness and regularity of the proceedings nor the sufficiency of the evidence to justify the order of deportation. The allegations, it is true, are general, but they were sufficient, had the petitioner so desired, to permit the introduction of testimony, including the record of the proceedings before the immigration authorities, and to allow his discharge if petitioner were entitled to relief on any of the grounds now urged. The cause of action then, as now, was the validity of the deportation order and the right of petitioner to be or remain in the United States.

[1] According to the general principles of the doctrine of res judicata, a former judgment is a bar not only as to matters actually argued and decided, but also as to all other matters which might have been put in issue, argued, and decided. See New Orleans v. Citizens' Bank, 167 U. S. 371, 397, 17 Sup. Ct. 905, 42 L. Ed. 202; Southern Pacific R. Co. v. United States, 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355, and cases therein cited. A party may not bring forward one ground of relief, and, after that is decided adversely, bring forward another and a different ground which might as well have been brought forward in the first instance, and thereby indefinitely prolong litigation. Unless, therefore, a different rule is to be applied in habeas corpus cases, petitioner is now estopped because the grounds upon which relief is now sought might have been, if they were not, put in issue and decided in the former case.

Counsel urges that the doctrine of res judicata has no application in habeas corpus cases when the order is one refusing to issue or discharging the writ. He insists that, notwithstanding the former judgment of this court and its affirmance on appeal, the petitioner may of right again apply to this court, and, if denied relief, may appeal from its order. If this be true, petitioner may not only do this, but he may apply to any other judge of this court or any District Court of coordinate jurisdiction anywhere else in the United States, if petitioner should be removed there, and litigate over again not only the ques-

tions heretofore decided, but such as this court may now decide; and he may also do this notwithstanding an appeal from the order now to be made may result in an affirmance. As will appear in Lui Lum v. United States (3 C. C. A.) 166 Fed. 106, 92 C. C. A. 90, presently to be reviewed, this is what a Chinese person once did.

[2-4] In view of the protracted efforts of the United States immigration authorities to exclude this petitioner from the United States, and his hitherto successful efforts in opposition, these propositions are somewhat startling and should not be sustained unless such is clearly the law. I have given the questions of law the most careful consideration and have concluded that this petition should not be entertained, and that the doctrine of res judicata, upon the facts of this case, does apply. Briefly stated, I believe the authorities support the following propositions: (1) That, inasmuch as the former judgment denying relief was affirmed on appeal, this court can and should not in any event entertain a new petition without change of circumstances, unless petitioner should first have applied to and have obtained leave from the Circuit Court of Appeals to renew his application; (2) that the common-law rule that a prisoner detained on a criminal charge may, notwithstanding the order of one judge refusing to issue or discharge a writ, apply to other judges and tribunals until he has exhausted all the judges and courts of the kingdom, was based upon reasons which no longer exist, and particularly that, when the law gives a right of appeal or error, and that right is exercised and an affirmance has resulted, the doctrine of res judicata does apply; (3) that an alien's status and right to be or remain in the United States is of the same nature as the custody of an infant child or of an insane person, and, when habeas corpus is resorted to, to try and determine that status or custody, and especially when a right of review is given and is exercised, a judgment therein determining or establishing that status and incidental questions of custody, this judgment is governed by the doctrine of res judicata.

An extended review of the authorities will not be made. At common law one held on a criminal charge might make repeated applications to different judges or tribunals. The reasons given for this rule are various. In some cases it was said that there was not identity of parties. In others it is said that the hearing was a summary application to a judge, and not the trial of an issue in court, and that, out of a tender regard for the liberty of a citizen, repeated applications should be permitted. The main reason, however, undoubtedly was that no right of review, either by appeal or writ of error, existed at common law in such cases. The return to a writ was accepted as conclusive as to any issue of fact, and the courts were without power to frame and try an issue of fact. None of these supporting reasons has any longer any force in jurisdictions where the return to the writ may be traversed and the issue thus raised tried, and where a right of review is given by appeal or error. Consequently I believe it may be truthfully said that the tendency of the decisions, if not the settled rule, now is that even in criminal cases, whenever the return may thus be controverted and the issues of fact thus tried, and when an appeal or writ

of error is allowed, a judgment in a habeas corpus case refusing to issue or discharging the writ becomes conclusive and is governed by the doctrine of res judicata. As was aptly said by Judge Paige in Mercein v. People, 25 Wend. 100, 35 Am. Dec. 653:

"I think the following rule will be found sustained by the cases, viz.: Wherever a final adjudication of an inferior court of record, or of an inferior court not of record, or of persons invested with power to decide on the property and rights of the citizen, is examinable by the Supreme Court, upon a writ of error or a certiorari, in every such case such final adjudication may be pleaded as res adjudicata and is conclusive upon the parties in all future controversies relating to the same matter."

In support of petitioner's contention are cited the following: Ex Parte Kaine, 14 Fed. Cas. 78, No. 7,597; In re Kaine, 14 Fed. Cas. 82, No. 7,597a; Carter v. McClaughry (C. C.) 105 Fed. 614; In re Kopel (D. C.) 148 Fed. 505; Chin Fong v. White, 258 Fed. 849, 169 C. C. A. 569. In none of these cases does the question seem to have been given consideration, except by Mr. Justice Nelson in the Kaine Case. That case is usually cited as the foundation of the common-law rule in the United States courts. When it was decided, no review by appeal or error was authorized by law, and what Mr. Justice Nelson would have done had one been authorized is evidenced by the practice he tried to establish. He issued an alternative writ, making it returnable before the United States Supreme Court at its next term, and it was only after that court had held that it had no jurisdiction, either original or appellate, in habeas corpus cases, that Mr. Justice Nelson later proceeded to hear the application. In each of the other cases the rule is stated apparently without re-examination.

On the other hand, in Ex parte Cuddy (C. C.) 40 Fed. 62, Mr. Justice Field refused a second application after a former order denying the writ had been appealed from and had been affirmed; Congress having, in the meantime, conferred that right of appeal. His view seems to have been that when an appeal is thus provided, and especially if it has been exercised, a new application on the same facts which were or might have been presented in the first application should be denied, unless leave to file the second application had been first granted by the appellate court. In Re Simmons (C. C.) 45 Fed. 241, Circuit Judge Wallace denied a second application, saying that a decision on the first ought to be authoritative until it is reversed upon appeal, otherwise there might be conflicting adjudications upon the same question in the same court, and that it would be unseemly for one judge to review and reverse in a collateral proceeding the judgment made by another judge sitting in the same court, especially when an appeal is allowed by law. In Ex parte Moebus (C. C.) 148 Fed. 39, Circuit Judge Putnam expresses the opinion that, when statutory rights of appeal. or writs of error are allowed in habeas corpus proceedings, no other court or judge should grant a subsequent application unless new conditions have arisen, but the applicant should be remitted to his appeal or writ of error. If this be true, it logically follows that, if the applicant has exercised that right of review and the judgment is affirmed, then he should be barred from making a second application. In Lui Lum v. United

283 F.—63

States (3 C. C. A.) 166 Fed. 106, 92 C. C. A. 90, a Chinese person had applied to the District Court in New York for a writ of habeas corpus, had failed to obtain it, and had appealed to the Circuit Court of Appeals from an order denying it, and the Circuit Court of Appeals had affirmed the lower court. He was then removed to New Jersey for deportation, and a new application was made in that district. It was held by the District Judge, and his holding was affirmed by the Circuit Court of Appeals, that the proceedings in the former habeas corpus case in New York were res judicata.

The foregoing exhausts all the federal cases cited by counsel or which have come to my attention. I deem it unnecessary to review the decisions of the state courts or to quote from the opinions of text-writers. It may, I believe, be truthfully said that the better reasoned cases and the weight of opinion of the state courts and of text-writers is that, whenever an appeal or writ of error is authorized in habeas corpus cases, a judgment or order is a bar, on the principles of res judicata, to a second application before the same or another tribunal, unless, indeed, new conditions have supervened which wholly change the situation. This is particularly true if the applicant has availed himself of that right of review and has failed. See Bailey on Habeas Corpus, § 59; Brown on Jurisdiction of Courts, § 111; Mercein v. People, 25 Wend. 65, 94, 100, 35 Am. Dec. 653, 49 L. R. A. 831; Weir v. Marley, 99 Mo. 484, 12 S. W. 798; Miskimmins v. Shaver, 8 Wyo. 392, 58 Pac. 411, 6 L. R. A. 672; McMahon v. Mead, 30 S. D. 515, 139 N. W. 122; Ex parte Moebus, 74 N. H. 213, 66 Atl. 641; Heller v. Franke, 146 Wis. 517, 131 N. W. 991; Ex parte Burton, 58 Okl. 754, 161 Pac. 532; Ex parte Holt, 34 Cal. App. 290, 167 Pac. 184.

Moreover, the right of an alien or a Chinese person to be or remain in the United States stands on a different footing from the unlawful detention of one charged with crime. Whether or not one is or is not a citizen, whether one is or is not entitled to remain in the United States, involves a question of status rather than a mere illegal restraint of liberty on a criminal charge. This status may and can be determined once and for all time. Congress has committed the power to hear and decide that status to the immigration authorities. The courts through necessity have used the writ of habeas corpus as the only available procedure to determine whether the immigration authorities have exceeded or abused their power. No sound reason is perceived why the judgment of a court once determining such an issue, especially when that judgment has been reviewed and affirmed should again be called in question. All reasons of public policy which forbid so doing in other cases apply with equal force. Aside from the change of law resulting from the granting of a right of review, the reasons for the common-law rule permitting repeated applications in habeas corpus cases have so far failed or have so little pertinency in the present situation that it would be little short of absurd to apply that rule and permit the petitioner to vex other judges of this district or other districts and Circuit Courts of Appeal of this circuit or other circuits, with new applications to retry what has or may be determined by this court and reviewed by the Circuit Court of Appeals. In this respect the rule uni-

formly applied in cases involving the custody of an infant or the sanity of an insane person should be equally applied. In those cases the decisions seem to be uniform that the principles of the doctrine of res judicata are applicable, and that a new application is barred, unless it is first shown that since the former judgment new conditions have supervened wholly changing the matters which formerly were or might have been put in issue. See 21 Cyc. 351, and cases cited; Mercein v. People, 25 Wend. 64, 94, 100, 35 Am. Dec. 653, Cormack v. Marshall, 211 Ill. 519, 71 N. E. 1077, 67 L. R. A. 787, 1 Ann. Cas. 256, and cases therein cited.

Petitioner's application is denied. He will be remanded into custody.