## No. 2673.

## Ex Parte Thomas Rosson.

Habeas Corpus—Second Application—Case Stated.—The relator being confined in the penitentiary of this State under seven different convictions for felony, applied to the Governor for pardon, and, on the twenty-fifth day of August, 1886, the Governor issued his charter for pardon to cover each of the seven convictions, which charter of pardon he delivered to the agent of the relator, who in turn delivered it to the superintendent of the penitentiary, and demanded upon it the release of the relator. The superintendent, acting upon telegraphic orders from the Governor, refused to release the relator, retained the said charter of pardon, and subsequently returned it to the Governor, who indorsed upon it his order of cancelation because it "was issued upon misinformation." On the thirtieth day of March, 1887, the relator sued out a writ of habeas corpus, and upon the hearing of the same he introduced in evidence the said charter of pardon, indorsed as above stated. He was remanded to custody, and appealed to this court. Upon the hearing of the appeal this court held that a pardon procured by fraud was absolutely void, and that, having relied upon the charter of pardon, indorsed as above, the relator established against himself a prima facie procurement of the pardon by fraud and assumed the burden of proving no fraud, which, failing to do, he was not entitled to release, and the judgment of the lower court was affirmed. On the tenth day of August, 1887, the relator applied for a second writ of habeas corpus, which, being granted and heard, he was again remanded to custody, from which judgment he prosecutes this appeal. The Assistant Attorney General moves to dismiss this appeal because there is a former and unreversed adjudication upon this same state of facts, and because the said former adjudication was pleaded in bar, and no newly discovered evidence is set up as a reason for opening up the former judgment for revision. But *held:*
1. A second writ of habeas corpus is obtainable under the laws of this

State when it is made to appear that important testimony has been ob-
tained which, though not newly discovered, or which, though known to
the applicant, could not be produced by him at the former hearing. 2.
In passing upon second appeals in habeas corpus cases this court is not
called upon to determine whether or not the evidence is newly discovered,
but will consider the evidence as it was adduced on the hearing and is
presented in the record. The motion to dismiss the appeal is overruled.
See the opinion in extenso for the substance of evidence adduced on the
hearing below, which is held to remove the taint of fraud in the acquisi-
tion of the pardon as exhibited on the first hearing, and, therefore, to
entitle the applicant to his discharge.

HABEAS CORPUS on appeal from the District Court of Travis.
Tried below before the Hon. A. S. Walker.

The opinion discloses the case.

W. K. Makemson, for the appellant.

W. L. Davidson, Assistant Attorney General, for the State.

HURT, JUDGE. This court is asked to review a second judg-
ment remanding the relator to custody.

The facts attending the first application for the writ of habeas
corpus were, briefly, these: The relator, being confined in the
State penitentiary under seven sentences, applied for and re-
ceived from John Ireland, the Governor of the State of Texas,
under date of August 25, 1886, a full pardon for each and every
offense. This proclamation of pardon was handed to, and ac-
cepted by, the attorney of the relator, for and on his behalf,
who, on August 29 next thereafter, turned over the pardon to
the father of the relator. On the following day, August 30, he
presented the pardon to the penitentiary officials and demanded
the release of the relator; but they refused and retained the par-
don, giving as a reason therefor the receipt of a telegram or tel-
egrams from the Governor ordering said action. The pardon
was returned to the Governor, who indorsed thereon the follow-
ing: "Issue an order canceling this, as having been issued on
misinformation."

On March 30, 1887, the relator sued out his first writ of habeas
corpus, upon a hearing of which he was remanded to custody,
from which he appealed to this court. Upon that appeal we
held that a pardon procured by fraud was absolutely void,
and that, having relied upon the pardon with its indorse-

ment, the relator established against himself, *prima facie,* the procurement of the pardon by fraud, and assumed the onus of proving no fraud; and that, failing to do this, the court did not err in remanding him to the penitentiary. (Rosson v. The State, 23 Texas Ct. App., 287.)

On August 10, 1887, the relator again applied for the writ, and had a hearing on September 5, which resulted in his again being remanded to custody. The petition alleges the before-mentioned facts relative to the issuance of the pardon and the endorsement thereon. Fraud and misrepresentation are expressly denied; and it is further alleged that on January 18, 1887, the then governor —Ireland—issued to relator another pardon, which was intended to take the place of the former in all respects; but that, by a clerical omission, it in fact covered only one of the seven cases. It is further alleged that on the former trial of the writ the question of fraud was only raised in the Court of Appeals; but that when it was heard in the district court, Governor Ireland was absent from the State, and it would on that account have been impracticable to obtain his testimony to rebut the presumption of fraud had the question been raised.

The petition has attached to it as an exhibit the affidavit of ex-Governor Ireland, in which he affirms that the said indorsement on the pardon was made in consequence of representations made to him, which were promised to be substantiated by proof, but that the proof was never furnished, and that no fraud was used upon him to procure the pardon. It also fully substantiates the allegation of the petition which relates to the second pardon, which was to replace the first. This affidavit was by agreement made evidence in the case.

The Assistant Attorney General moves the court to dismiss this appeal, upon grounds substantially these: Because there is a former and unreversed adjudication upon the same state of facts; that this former adjudication was pleaded in bar and that no newly-discovered evidence is set up as a reason for opening up the former judgment for revision.

In Foster's case (5 Texas Ct. App., 625), this court held that the statute conferred the right of obtaining a second writ of habeas corpus "where important testimony has been obtained, which, though not newly discovered, or which, though known to him, it was not in his power to produce at the former hearing." The testimony of ex-Governor Ireland, under the allegations and proof as to the cause of its non-production upon the hearing of

the first writ, comes fairly within the rule laid down in that case. It was further held in the Foster case that, on an appeal in a case of this character, the case "must be determined, not upon the questions as to whether the evidence is newly-discovered, but upon the evidence as we find it adduced on the hearing and presented in the record." We think the rules laid down in that case, and which have been applied to cases subsequently arising, dispose of the grounds of the motion so ably and earnestly presented by the Assistant Attorney General.

Coming to the consideration of the merits of the appeal, a case is presented wherein the taint of fraud is removed from the proclamation of pardon, by the testimony of ex-Governor Ireland, who, as the then chief executive of the State, made the indorsement which this court held on the appeal from the first judgment to be prima facie evidence of fraud in the procurement of the act of executive clemency. In that case it was held that this prima facie case might be rebutted by evidence showing that no fraud or misrepresentation had been used. The only testimony on that issue is that of ex-Governor Ireland, W. H. Rosson, the father of the relator, and W. K. Makemson, the attorney who represented the relator in the matter of procuring the pardon. The testimony of each of these emphatically negatives the use of fraud or misrepresentation of any character.

Having determined that the facts exist which give this court jurisdiction to hear this appeal, and that the presumption of fraud was removed by the evidence stated, we conclude that the original pardon is of full force and effect, and that the relator is entitled thereunder to be discharged from further confinement in the State penitentiary. The judgment is accordingly reversed, and it is ordered that the relator be discharged from confinement in the penitentiary.

*Ordered accordingly.*