Ex parte CHIN FONG.

(District Court, N. D. California, First Division. April 17, 1914.)

No. 15614.

ALIENS (§ 32*)—CHINESE PERSONS—DEPORTATION—RIGHT TO RE-ENTER.

Where a Chinese person residing in the United States, contemplating a trip to China, applied for preinvestigation as to his status as a merchant, and, though a certificate was denied on the theory that his original entry was surreptitious, he left the country in November, 1912, the question of his right to re-enter was for the determination of the Immigration Department, and not by justice, judge, or commissioner, under the exclusion laws.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

Application by Chin Fong for a writ of habeas corpus to obtain his discharge from a warrant for his deportation to China. On demurrer to writ. Denied.

McGowan & Worley, of San Francisco, Cal., for petitioner.

J. W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. The petition shows that petitioner, Chin Fong, who had been a resident of the United States for a number of years, departed for China in November, 1912; that before he left he applied for a preinvestigation as to his status as a merchant, and a certificate was denied him, on the ground that his original entry into this country was surreptitious; that, notwithstanding this denial, the petitioner left the country, and is now endeavoring to re-enter as a returning Chinese merchant; that he presents the affidavits of a member of the New York firm to which he claims to belong and of two reputable Americans supporting his claim; that, notwithstanding these facts, he has been denied admission and ordered deported on the same ground that his preinvestigation certificate was denied, that is to say, because his original entry was surreptitious; that in so deciding the immigration department has exceeded its authority, as that question can only be determined under the exclusion laws by a justice, judge, or commissioner.

This, briefly stated, is the body of the present petition for a writ of habeas corpus. To this petition a demurrer has been interposed. I am of the opinion that the demurrer must be sustained. Had the petitioner been content to remain in this country, he could have been deported only after a hearing before a justice, judge, or commissioner. But as he left the country voluntarily, and even after a preinvestigation certificate was denied him, the question of his right to re-entry lies peculiarly with the immigration department, and as they have found that he is not entitled to re-enter, such finding cannot be disturbed. A different rule prevails, and a different tribunal determines, in the case of a Chinese applying to enter from that of one already in this country, whom it is sought to deport, under the exclusion laws.

The demurrer will therefore be sustained, and the application for a writ denied.