[Crim. No. 1993. In Bank.—December 20, 1915.]

## In the Matter of the Petition of ALVA UDELL for a Writ of Habeas Corpus.

HABEAS CORPUS—PETITION TO SUPREME COURT—STATEMENT CONCERNING PRIOR APPLICATIONS AND PROCEEDINGS THEREIN.—A petition for a writ of *habeas corpus* addressed to the supreme court is defective if it fails to state whether any prior application has been made to any court for a writ in regard to the same detention or restraint, and if there was any such application, does not show the proceedings therein.

ID.—SECOND APPLICATION — PETITION ADDRESSED TO SINGLE JUSTICE AFTER DENIAL BY COURT.—While it may be that, under certain circumstances, the supreme court itself might feel warranted in entertaining a second application from a party regarding the same detention or restraint, no single member of the court, be he chief justice or associate justice, is warranted in granting a writ where the same has been denied as to the same detention or restraint by the whole court in Bank.

APPLICATION for a Writ of Habeas Corpus addressed to the Chief Justice of the Supreme Court.

The facts are stated in the opinion of the court.

Alva Udell, in *pro. per.*, for Petitioner.

ANGELLOTTI, C. J.—This is an application for a writ of *habeas corpus* by one Alva Udell, who is now in the custody of the sheriff of the city and county of San Francisco under a judgment of the superior court thereof adjudging him guilty of contempt of court. The application is addressed to the chief justice and not to the court. The petition is defective in that it does not state whether any prior application has been made to any court for a writ in regard to the same detention or restraint, and if there was any such application, does not show the proceedings therein. (Pen. Code, sec. 1475.) As a matter of fact, a prior application in re-

gard to the same detention or restraint was made by petitioner to this *court,* as our records show, on December 1, 1915, and such application was denied by the *court* on December 2, 1915. Not only was such application in regard to the same detention or restraint, but the grounds of the former application were the same as those now urged, with a greater degree of elaboration. While it may be that under certain circumstances the court itself might feel warranted in entertaining a second application from a party regarding the same detention or restraint, it is manifest that no single member of the court, be he chief justice or associate justice, is warranted in granting a writ where the same has been denied as to the same detention or restraint by the whole court in Bank.

The application to me for a writ of *habeas corpus* is denied.