## CHIN FONG v. BACKUS, COMMISSIONER OF IMMIGRATION FOR THE PORT OF SAN FRANCISCO.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 664.   Argued April 5, 6, 1916.—Decided April 17, 1916.

Where the right of a person of Chinese descent to enter this country depends, as in this case, upon the statutes regulating Chinese immigration and not upon the construction of provisions of treaties relating thereto, a direct appeal will not lie to this court under § 238, Jud. Code, from a judgment dismissing a petition for *habeas corpus* of a Chinese person detained for deportation.

The status of a Chinese merchant, as defined by the treaty with China of 1880, is that acquired in China and not in this country.

THE facts, which involve the jurisdiction of this court of appeals from the District Court under § 238, Judicial Code, are stated in the opinion.

*Mr. Jackson H. Ralston,* with whom *Mr. William E. Richardson* was on the brief, for appellant.

*Mr. Assistant Attorney General William Wallace, Jr.,* for the appellee.

(1)

MR. JUSTICE MCKENNA delivered the opinion of the court.

Appeal from a judgment dismissing a petition for *habeas corpus* and remanding petitioner to the custody of the Commissioner of Immigration for the Port of San Francisco, in whose custody he was, pending petitioner's deportation.

A summary of the petition made by the District Court is as follows:

"Petitioner Chin Fong, who had been a resident of the United States for a number of years, departed for China in November, 1912; that before he left he applied for a pre-investigation as to his status as a merchant, and a certificate was denied him on the ground that his original entry into this country was surreptitious. Notwithstanding this denial the petitioner left the country, and is now endeavoring to re-enter as a returning Chinese merchant; that he presents the affidavits of a member of the New York firm to which he claims to belong and of two reputable Americans supporting his claim; that notwithstanding these facts he has been denied admission and ordered deported on the same ground that his pre-investigation certificate was denied, that is to say, because his original entry was surreptitious; that in so deciding the immigration department has exceeded its authority, as that question can only be determined under the Exclusion laws by a Justice, Judge or Commissioner."

A demurrer was interposed to the petition which was sustained, the court saying: "Had the petitioner been content to remain in this country he could have been deported only after a hearing before a Justice, Judge or Commissioner. But as he left the country voluntarily, and even after a pre-investigation certificate was denied him, the question of his right to re-entry lies peculiarly with the immigration department, and as they have found

that he is not entitled to re-enter such finding cannot be disturbed. A different rule prevails, and a different tribunal determines in the case of a Chinese applying to enter from that of one already in this country whom it is sought to deport, under the Exclusion laws."

The decision of the court is contested and it is asserted (1) that the petition was sufficient to entitle petitioner to a discharge; (2) that the Commissioner of Immigration and Secretary of Labor could not require a greater and different degree of proof than that specified in § 2 of the act of Congress of May 5, 1892, c. 60, 27 Stat. 25, entitled "An Act to Prohibit the coming of Chinese persons into the United States"; (3) that petitioner furnished the degree of proof required by the law; (4) that the rights guaranteed petitioner under the treaty between the United States and China concerning immigration, November 17, 1880, were unduly and unlawfully infringed, and (5) that the decision of the Commissioner was against the law and was an abuse of discretion.

The appeal is direct from the District Court and can only be sustained against the motion of the United States to dismiss for want of jurisdiction in this court if there is a substantial question under the Constitution of the United States or a treaty made under their authority, § 238 of the Judicial Code permitting an appeal from a District Court when a constitutional question is involved and in any case "in which . . . the validity or construction of any treaty made under its [United States] authority is drawn in question."

It will be observed that appellant based his right to land solely on the ground that he had been a merchant in the United States before his departure to China and that, therefore, it was not competent for the immigration officers to inquire or determine whether his original entry into the United States was open or surreptitious and his stay therein legal or illegal. "The principal proposition that

we desire to maintain," counsel say, "and which has apparently been ignored by the Department of Labor, is that when Congress has definitely fixed the tests and qualifications attendant upon the determination of a given act, it is not within the power of an administrative officer to add to or subtract from the congressional rule." The case of *Lau Ow Bew* v. *United States*, 144 U. S. 47, is cited. For the "congressional rule" counsel refer to § 2 of the act of November 3, 1893 (28 Stat. 78), which reads as follows:

"Where an application is made by a Chinaman for entrance into the United States on the ground that he was formerly engaged in this country as a merchant, he shall establish by the testimony of two credible witnesses other than Chinese the fact that he conducted such business as hereinbefore defined for at least one year before his departure from the United States, and that during such year he was not engaged in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant, and in default of such proof shall be refused landing."

It is contended that the section requires proof by a Chinaman seeking entrance into the United States of two facts only—(1) that he had been a merchant for one year before his departure, and (2) that during such time he had not engaged in manual labor except such as was necessary in the conduct of his business as such merchant. These were the only conditions of the right to enter, it is contended, and it was an irrelevant inquiry whether he "originally entered as a laborer or even surreptitiously." And in emphasis counsel say, "The manner of entry was entirely ignored by Congress."

These being the conditions, it is hence asserted that if the Department of Labor may superadd one qualification it may another "until the law becomes entirely unrecognizable." So far manifestly there is nothing but an appeal to the statute, but the treaty is attempted to be invoked

by the following: "Such a course [the addition to the qualifications of the statute] would be in plain derogation of the treaty obligations between the United States and China, allowing to Chinese merchants freedom of egress and ingress in the manner permitted to citizens of the most favored nations, the essential fact by law and treaty being merely that of mercantile status."

No provision of the treaty is cited from which the contention is an applicable deduction, nor are we disposed to quote and comment on the entire treaty in answer to the contention. See 22 Stat. 826, Nov. 17, 1880; also *Lau Ow Bew* v. *United States, supra.* The "merchant" defined by it does not include petitioner. It was the definition of the status acquired in China, not acquired in the United States, and, having been acquired in China, gave access to the United States and after access freedom of movement as citizens of the most favored nations. And this privilege was given as well to Chinese laborers then (1880) in the United States.

We think, therefore, there is no substantial merit in the contention that the case involves the construction of a treaty and that the rights of petitioner can rest only upon the statutes regulating Chinese immigration. So concluding we are not called upon to decide or express opinion whether petitioner's original entry into the United States and his subsequent residence therein were illegal and whether he could acquire by either a status which the immigration officers were without power to disregard.

*Dismissed.*


MR. JUSTICE MCREYNOLDS took no part in the consideration and decision of this case.