CHIN FONG v. WHITE, Immigration Com'r.*

(Circuit Court of Appeals, Ninth Circuit. June 2, 1919.)

No. 3180.

ALIENS ⬪27—CHINESE—EXCLUSION—RE-ENTRY AS MERCHANTS.

A Chinese person, claiming right to re-enter the United States under Act Nov. 3, 1893, § 2 (Comp. St. § 4324), as having been a merchant in the United States for a year before his departure therefrom, may not thereunder, and under rule 15, subd. 11, of the Department of Labor, as to admission of Chinese claiming such right of re-entry, be denied admission by the Commissioner of Immigration on the ground that his original entry was unlawful; but this is a matter for determination in a deportation proceeding before a different tribunal.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus proceeding by Chin Fong against Edward White, Commissioner of Immigration at the Port of San Francisco, to se-

·cure the discharge of petitioner, held by the Commission of Immigration for deportation as a Chinese person not entitled to re-enter the United States under the provisions of the Exclusion Act. From the ·order discharging the writ, and remanding petitioner for deportation, petitioner appeals. Reversed, with direction.

See, also, *Chin Fong v. Backus,* 241 U. S. 1, 36 Sup. Ct. 490, 60 L. Ed. 859; *Ex parte Chin Fong,* 213 Fed. 288.

George A. McGowan, of San Francisco, Cal., for appellant.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. The appellant, Chin Fong, is a Chinese person who arrived at the port of San Francisco on December 23, 1913, from China on the steamship Persia. He had previously departed from the port of San Francisco for China on November 12, 1912, on the steamship Nile. He claimed the right to re-enter the United States as a returning Chinese merchant. The provisions of the treaty between the United States and China, concluded November 17, 1880 (22 Stat. 826), excluded laborers, but provided that certain subjects of China, including merchants, might "go and come of their own free will and accord." Chin Fong claimed the right of re-entry under the provisions of Act Nov. 3, 1893, c. 14, § 2, 28 Stat. 7, 8 (Comp. St. § 4324), which provides:

"Sec. 2. * * * The term 'merchant' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, ·at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual· labor, except such as is necessary in the conduct of his business as such merchant.

"Where an application is made by a Chinaman for entrance into the United States on the ground that he was formerly engaged in this′ country as a merchant, he shall establish by testimony of two credible witnesses other than ·Chinese the fact that he conducted such business as hereinbefore defined for at least one year before his departure from the United States, and that during such year he was ·not engaged in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant, .and in default of such proof shall be refused landing."

Pursuant to law the Department of Labor has prescribed certain ·rules governing the admission of Chinese; among others a rule of procedure for those claiming the right to re-enter the United States .as merchants previously domiciled in the United States as such. Subdivision 11 of rule 15 of such rules provides as follows:

"(11) *Proof of Mercantile Status.*—Chinese applying for preinvestigation ·under the terms of this rule, or for admission without having taken advantage of the rule, on the ground· of having been domiciled in the United States as merchants, shall be required to establish to a reasonable certainty that .they are actually owners of the business claimed or members of the firm own-.ing such business, with proofs of the amounts actually paid for their re-·spective interests and the times at which such payments were made. In no .case should the claim of mercantile status be allowed unless inspection of

the alleged mercantile establishment shows a bona fide capital and stock, the latter commensurate with the former and with the number of partners claimed."

In the appellant's statement made to the officers of Immigration upon his arrival at the port of San Francisco in December, 1913, he claimed to be a member of the business house of Kwong Mow Lan & Co., at No. 8 Pell street, in New York City. The papers were accordingly forwarded to the Commissioner of Immigration in New York City for an investigation of that claim. Inspector Sisson, in charge of the Immigration service in the New York office, reported the appellant's status as a merchant in New York City as follows:

"Referring to your letter of the 2d instant, No. 13137½, I return herewith papers in the case of Chin Fong ex S. S. Persia, December 23, 1913, applying for admission at your port as a merchant and member of the firm of Kwong Mow Lan & Co., No. 8 Pell St., New York City:

"In connection with this case would state that our records show that this applicant filed an application for a return certificate as a merchant and member of the above firm in this office on December 9, 1911, and that the said application was given unfavorable consideration by the Commissioner of Immigration at Seattle, Washington, under date of January 18, 1912, and I have requested the Seattle office to forward to you the original record. In view of the fact, however, that while this application was denied in January, 1912, he did not depart from the United States until November 23, 1912, a further investigation has been made covering this period, and attached to the record will be found in triplicate the sworn statement of Chin Fong, the manager of the firm, together with those of the statutory witnesses, Messrs. Israel Brand and John L. Delmonte, both of whom are business men, and so far as this office knows reputable.

"From the examination of this applicant conducted at your port it is noted that he claims to have been first admitted to the United States in K. S. 32 (1906) at Niagara Falls as a section 6 Canton merchant, and further that his certificate was lost at the time the firm of Yung Wah Tong was moving in the fifth or sixth month of S. T. 1 (1909) from No. 32 Mott St. to 33 Pell St. Niagara Falls was not a port of entry for Chinese in K. S. 32 (1906) and consequently he could not have been admitted through that port. Further the firm of Quong Yuen Shing & Co. has occupied the premises at No. 32 Mott St. for many years last past, as is also the case with the firm of Chong Lung & Co. at 33 Pell St.

"By reference to the statement of this applicant made before this office on January 3, 1912, which will form a part of the record to be forwarded to you by the Seattle office, it will be noted that Chin Fong testified he was first admitted to the United States in K. S. 22, 11th month (Dec., 1896—January, 1897), at Niagara Falls, upon a merchant paper which had been forwarded to him by the firm of Young Wah Hong & Co., No. 33 Mott St., and that he continued in business with said firm for a period of about six years, which would be until 1902 or 1903, when the firm went out of existence.

"Kwong Mow Lan & Co. are engaged in manufacturing cigars at No. 8 Pell St., where they also dispose of them at retail as well as wholesale, and it is believed to be a bona fide establishment."

Upon this report, and other testimony taken by the Immigration officers in San Francisco, the Commissioner of Immigration at that port made the following finding and decree:

"*Finding and Decree.*—The applicant applied for preinvestigation of his alleged status as a merchant (form 431) in December, 1911, but his application was denied by the Seattle office, and an appeal from that decision dismissed by the Bureau for the reason that it was satisfactorily shown at that time that the applicant had fraudulently secured his original admission to the

United States; it having been ·claimed by him that he entered this country at or near Niagara Falls, New York, in 1897, on 'merchant's papers' sent to him in China by the Young Wah Hong Company at New York. It was first claimed by the applicant in the present case that he w̄as admitted at Niagara Falls in 1906, but when confronted with his previous testimony he denied the last-mentioned statement, and reiterated the year first mentioned as the date of his original entry, and stated that he was then admitted as a section 6 Canton merchant on papers secured by him in that city.

"Niagara Falls was not a port of entry for Chinese in 1906, *and the applicant has not satisfactorily accounted for the present whereabouts of the papers on which he claims to have been admitted, so that it must ·be concluded that his domicile in this country was unlawful;* and as the Bureau has sustained the action of the Seattle office in refusing his application for form 431, the applicant is denied admission and advised of his right of appeal."

An appeal from this decision was taken to the Secretary of Labor, who approved the decision of the Commissioner of Immigration. The finding of the Acting Secretary of Labor was as follows:

"Washington, March 6, 1914.

"In re Case of Chin Fong.

"I am satisfied that the action recommended by the Bureau is the correct one in this case. The original entry of this man was obtained by fraud. He cannot predicate any right whatever upon the basis of fraud. The fact that he has been permitted to remain in this country constitutes no waiver of the right to deport him, and the fact that the government has not heretofore affirmatively exercised the authority to deport him, while it amounts to tentative permission to remain here, does not preclude or estop the government from exercising its authority to deport or deny admission at any time. A different question would be presented were the facts such that it did not appear that the alien's original entry was fraudulent. No business he might engage in nor length of residence here can cure the fraud perpetrated by him in gaining admission in the first instance.

"This case appears to be quite fairly within the Mack Fock decision, which, in my opinion, is correct. The recommendation that admission be denied is approved.

"JBD/G.                                    J. B. Dinsmore, Acting Secretary."

The appellant thereupon applied to the District Court for a writ of habeas corpus, which was denied. Ex parte Chin Fong, 213 Fed. 288. An appeal was then taken to the Supreme Court of the United States, upon the theory that the construction of the treaty of November 17, 1880, was involved. The appeal was dismissed, on the ground that Chin Fong was seeking to re-enter the United States under section 2·of the Act of November 3, 1893, and not under the treaty of 1880, and that—

"Where the right of a person of Chinese descent to enter this country depends, * * * upon the statutes regulating Chinese immigration, and not upon the construction of provisions of treaties relating thereto, a direct appeal would not lie to the court under section 238 of the Judicial Code [Comp. St. § 1215] from a judgment dismissing a petition for habeas corpus." Chin Fong v. Backus, 241 U. S. 1, 36 Sup. Ct. 490, 60 L. Ed. 859.

By permission of the District Court, the appellant was then permitted to again file a petition for a writ of habeas corpus, basing his claim for relief upon his alleged rights vested in him by the statute, and not upon rights previously supposed to flow from the treaty with China.

The appellant contends that he has met every requirement of the statute providing the terms and conditions upon which he, as a Chinese merchant, as described in section 2 of the act of November 3, 1893 (28 Stat. 7), domiciled in the United States, is entitled to re-enter the United States; that is to say, he has established by the testimony of two credible witnesses, other than Chinese, that he was a merchant and a member of the firm of Kwong Mow Lan & Co., No. 8 Pell street, in New York City; that such location was his fixed place of business for at least one year before his departure from the United States in November, 1912, and that during such year he was not engaged in the performance of any manual labor, except such as was necessary in the conduct of said business as a merchant; that he is being excluded for reasons not mentioned in the statute, or in any rule or regulation of the Department of Labor; that such exclusion is against the law, and is therefore an abuse of discretion on the part of the Commissioner of Immigration.

The evidence in the record fully supports the appellant's claim of a mercantile status in the United States prior to his departure therefrom in 1912. The report of Inspector Sisson is that—

"Kwong Mow Lan & Co. are engaged in manufacturing cigars at No. 8 Pell street, where they also dispose of them at retail as well as wholesale, and it is believed to be a bona fide establishment."

Referring to the findings and decree of the Commissioner of Immigration at San Francisco, excluding the appellant, we find that the reason for such exclusion is, not that he was not a merchant, but that—

"The applicant has not satisfactorily accounted for the present whereabouts of the papers on which he claims to have been admitted, so that it must be concluded that his domicile in this country was unlawful."

The papers here referred to by the Commissioner are the papers upon which the applicant claims to have been admitted into the United States in 1896–1897, or 1906, and concerning which there was some mistake as to whether it was 1896–1897, or 1906. There is no finding and decree by the Commissioner as to whether the applicant was a merchant in New York City for at least one year before his departure for China in 1912, and there is no intimation or suggestion that he was not such a merchant. The Acting Secretary of Labor, in approving the decision of the Commissioner of Immigration, did so upon the ground that "the original entry of this man was obtained by fraud"; but this was not the question submitted to the Commissioner of Immigration or to the Secretary of Labor for decision. The question was not whether the applicant was legally admitted in 1896–1897, or 1906. The question was whether he had been a merchant in the United States at least one year before his departure from the United States in 1912 (Chin Fong v. Backus, 241 U. S. 1, 5, 36 Sup. Ct. 490, 60 L. Ed. 859), and upon that question the evidence was all one way, establishing beyond controversy all the facts required by the statute and the rule of the Department of Labor to the effect that he was such a merchant at No. 8 Pell street, New York; that it had been his fixed place of business for at least

one year before his departure from the United States; that the business in which his firm was engaged was that of manufacturing cigars; that the cigars were disposed of at retail as well as wholesale, and the establishment was bona fide; and the witnesses by which these facts were proven, other than Chinese, were business men, and so far as known to the inspector were reputable men. This question so presented to the Commissioner of Immigration was not decided, either by the Commissioner or the Acting Secretary of Labor; but they undertook to decide another question, namely, that the applicant had fraudulently secured admission into the United States either in 1896–1897, or 1906, as a merchant defined in the treaty of 1880.

The Supreme Court in this case (Chin Fong v. Backus, supra), referring to the definition of a "merchant" as described in the treaty, points out that "it was the definition of the status acquired in China, not acquired in the United States, and, having been acquired in China, gave access to the United States, and after access freedom of movement as citizens of the most favored nations," and because the case as there (and here) presented did not involve the status of Chin Fong as a merchant under the treaty, but did involve his status solely under the act of November 3, 1893 (28 Stat. 7), the court held that it had no jurisdiction of the appeal.

The case of Ex parte Mack Fock, 207 Fed. 696, referred to by the Acting Secretary of Labor as an authority supporting his decision, is not in point. In that case the application was that of a Chinese person who claimed to be a returning native-born American of Chinese descent. In support of that claim he presented a paper purporting to be a certificate issued by Felix W. McGettrick, United States Commissioner at St. Albans, in the district of Vermont, on the 12th of June, 1906, certifying that it had been adjudged by him that said Mack Fock had a lawful right to be and remain in the United States by reason of his being a citizen thereof. The question submitted to the Commissioner at Seattle was whether or not Mack Fock was a native-born American. Upon examination the Commissioner found that he was not, and that he was in fact born in China. The Commissioner thereupon ordered his exclusion upon the precise issue presented by the applicant for admission. It may be contended that in the present case the Commissioner of Immigration did in effect determine the question at issue when he concluded that appellant's original entry into the United States was unlawful, and for that reason he was never lawfully domiciled in this country, and that this conclusion is sufficient to overcome the specific finding that he was a merchant domiciled in this country for at least one year prior to his departure therefrom in 1912, and under that finding entitled to return under the act of November 3, 1893. But whether Chin Fong's original entry into the United States under the treaty was or was not lawful was a different question, not presented in this case (Chin Fong v. Backus, supra), and one to be determined in a deportation proceeding before a different tribunal. See Act May 6, 1882, c. 126, § 12, 22 Stat. 58, 61, as amended by Act July 5, 1884, c. 220, 23

Stat. 115, 117 (Comp. St. § 4299); Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 476, 479 (Comp. St. § 4313); Act March 3, 1901, c. 845, § 3, 31 Stat. 1093 (Comp. St. § 4334).

Our conclusion is that the appellant has been denied admission for a reason other than that connected with his status as a merchant under the act of November 3, 1893, and for that reason the order of exclusion is void.

The judgment of the District Court is reversed, with direction to discharge the appellant from custody.