### WOO SHING v. UNITED STATES,
#### and four other cases.

(Circuit Court of Appeals, Sixth Circuit. June 28, 1922.)

#### Nos. 3563, 3575–3578.

1. **Aliens ⊝54'—Five-year limitation period for deportation runs from date of re-entry.**

Where alien returned to native country, and thereafter re-entered the United States, the five-year period provided for deportation, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), dates from the period of re-entry.

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Aliens ☞54—Deportation proceeding under Immigration Act of 1907 did not preclude institution of deportation proceeding under Act of 1917.**

Pendency of deportation proceeding under Immigration Act of 1907, or dismissal of such proceeding, did not preclude the institution of deportation proceeding under Immigration Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u).

**3. Aliens ☞54—Variance between warrants of arrest and of deportation and return to alternative writ of habeas corpus held immaterial.**

In habeas corpus proceeding to obtain relief from order of deportation, it was immaterial that warrants of arrest and of deportation recited that aliens were found in United States "in violation of rule 9, Chinese Rules, and of the Supreme Court decision on which such rule is based, having secured admission by fraud, not having been at the time of entry the minor son of the member of the exempt classes," while the return to the alternative writ of habeas corpus charged the presence of the aliens in the United States in violation of Chinese Exclusion Act 1893, § 2 (Comp. St. § 4324), Chinese Exclusion Act 1888, § 7 (Comp. St. § 4308), and Chinese Exclusion Act 1892, § 6 (Comp. St. § 4320).

**4. Aliens ☞54—That inspector's return to alternative writ of habeas corpus in proceeding for relief from orders of deportation specified violation of Exclusion Act not stated in warrants of arrest and of deportation held immaterial.**

In habeas corpus proceeding to obtain relief from orders of deportation under Immigration Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u), the fact that warrants of arrest and deportation were based on an alleged violation of Chinese Exclusion Act 1893, § 2 (Comp. St. § 4324), and Chinese Exclusion Act 1892, § 6 (Comp. St. § 4320), while the inspector's return included in addition violation of Chinese Exclusion Act 1888, § 7 (Comp. St. § 4308), *held* immaterial.

Appeals from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Separate applications for writs of habeas corpus by Woo Shing, by Wong Sun, by Wong Fee, by Wong Doo, and by Chan Yim. From orders denying writs, applicants separately appeal. Affirmed.

William J. Dawley and James W. O'Hara, both of Cleveland, Ohio (Benjamin A. Gage, of Cleveland, Ohio, on the brief), for appellants.

Berkeley W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio (Edwin S. Wertz, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. These cases are here on separate appeals by the respective appellants from orders denying writs of habeas corpus, sought to obtain relief from orders of deportation of the respective appellants under the Immigration Act of February 5, 1917, c. 29, 39 Stat. 874 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u). The cases were heard together, both in the District Court and here. Each of the appellants (all of whom are Chinese persons) entered or re-entered the United States previous to the effective date of the Immigration Act of 1917  In each case the deportation proceedings were begun within five years after such entry or re-entry. The substantial proposition relied upon by each appellant is that he is not subject to arrest, trial, and deportation by executive proceedings under the Immigration Act, but is entitled to the benefit of the judicial proceed-

ings provided for by the Chinese Exclusion Acts (Comp. St. § 4290 et seq.), within United States v. Woo Jan, 245 U. S. 552, 38 Sup. Ct. 207, 62 L. Ed. 466. None of the appellants claim United States citizenship. The District Judge held that the provisions of section 19 of the General Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), applied to these appellants, and accordingly dismissed the habeas corpus proceedings. The correctness of this conclusion is put at rest by the decision of the Supreme Court, made since these appeals were argued in this court, and which our disposition of these appeals has awaited (Ng Fung Ho et al., Petitioners, v. Edward White, as Commissioner of Immigration, etc., 258 U. S. ——, 42 Sup. Ct. 492, 66 L. Ed. ——, decided May 29, 1922), wherein it was held that the act of 1917—unlike that of 1907 (34 Stat. 898)—did not preserve the exceptional right to a judicial hearing, as distinguished from an executive hearing, in respect to the deportation after May 1, 1917, of Chinese found here or who shall have entered in violation of the Exclusion acts.

[1] Appellants Wong Doo and Wong Fee first entered the United States in 1914. Appellants Woo Shing, Wong Sun, and Chan Yim appear to have originally entered respectively in 1882, 1899, and 1909. They respectively re-entered, however, in 1913, 1914, and 1915. We think it clear that the five-year limitation contained in section 19 begins to run from the time of re-entry. In each of these three cases the warrants, both of arrest and of deportation, are based upon the entries of 1913, 1914, and 1915, respectively, and charge the securing of admission by fraud in violation of the Chinese Exclusion Acts. The holding in White v. Ching Fong, 253 U. S. 90, 40 Sup. Ct. 449, 64 L. Ed. 797, has thus in our opinion no application. In that case the proceeding was taken under the Immigration Act of 1907. See 258 Fed. 849, 169 C. C. A. 569. Indeed, it appears from the opinion of the Circuit Court of Appeals (266 Fed. at page 768) that the entry involved in the recent case of Ng Fong Ho, supra, was a re-entry, and as said by the Supreme Court:

"The mere fact that at the time petitioners last entered the United States they could not have been deported, except by judicial proceedings, presents no constitutional obstacle to their expulsion by executive order now."

[2] In our opinion the validity of the proceedings here under review, taken since the effective date of the 1917 act, is not affected by the fact that in the case of Woo Shing his release in proceedings brought under the act of 1907 had been previously ordered by this court, for lack of jurisdiction (250 Fed. 598, 162 C. C. A. 614); nor as to the other appellants by the fact that deportation proceedings under the act of 1907 were pending at the time the present proceedings under the act of 1917 were taken. Lack of jurisdiction under the first proceeding could not take away jurisdiction under the second. Nor, as to appellants other than Woo Shing, that, as stated by their counsel, the hearing in the District Court on application for habeas corpus took place November 3d, and that the return was filed November 4th. Not only does the date of hearing not appear by the record, but the returns were sworn to on November 3d, and the applications were not decided until

December 14th. It will be presumed that the returns were before the court while the applications were under consideration.

[3] Nor, as to Wong Doo and Wong Fee, do we see any room for criticism in the fact that the warrants of arrest and of deportation recite that those aliens were found in the United States "in violation of rule 9, Chinese Rules, and of the Supreme Court decision on which such rule is based, having secured admission by fraud, not having been at the time of entry the minor son of a member of the exempt classes," while the return to the alternative writ of habeas corpus made by the inspector in charge alleges the presence of the aliens here in violation of section 2 of the Exclusion Act of 1893 (Comp. St. § 4324), section 7 of the Exclusion Act of 1888, and section 6 of the Exclusion Act of 1892 (Comp. St. § 4320). Apart from the warrants of arrest and deportation, the departmental proceedings are not before us, and we find nothing to indicate that the charge contained in the warrants was not properly sustained, or that there was any necessary inconsistency between the charge in the warrants and that recited in the return, or that petitioners were in any way prejudiced.[1]

[4] The same conclusions apply to the fact that, in the case of Wong Sun, the warrants of arrest and of deportation are based upon an alleged violation of section 2 of the Exclusion Act of 1893 and section 6 of the Exclusion Act of 1892, while the inspector's return includes in addition a violation of section 7 of the Exclusion Act of 1888 (Comp. St. § 4308); and in the case of Chan Yim, that the two warrants allege a violation of section 2 of the Exclusion Act of 1893, while the inspector's

---

[1] The two warrants recite (the one as the evidence then appeared, the other the satisfaction of the Secretary therefrom) that the alien "who landed at the port of San Francisco, California [name of ship and date of landing stated], is subject to be returned to the country whence he came under section 19 of the Immigration Act of February 5, 1917, being subject to deportation under the provisions of a law of the United States, to wit, the Chinese Exclusion Law, in that: He has been found within the United States in violation of rule 9, Chinese Rules, and of the Supreme Court decision on which such rule is based, having secured admission by fraud, not having been at the time of entry the minor son of a member of the exempt classes." The return alleges that "the warrant of arrest is based upon section 19 of the Immigration Act of 1917, which provides that at any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law, any alien who shall have entered or shall be found in the United States in violation of this act or in violation of any other law of the United States, shall upon the warrant of the Secretary of Labor, be taken into custody and deported." Then follows the allegation that the petitioner "is an alien found in the United States in violation of a law of the United States, to wit, section 2 of the Chinese Exclusion Act of November 3, 1893, having secured admission by fraud, not having been at the time of his entry a lawfully domiciled exempt returning to resume a lawfully acquired domicile and to follow an exempt pursuit in this country; he, having re-entered the United States in violation of section 7, Chinese Exclusion Act of September 13, 1888, being a Chinese laborer who failed to produce to the proper officer the return certificate required by said section, and having been found within the United States in violation of section 6, Chinese Exclusion Act of May 5, 1892, as amended by the Act of November 3, 1893, being a Chinese laborer not in possession of a certificate of residence." Chinese rule No. 9 contains elaborate regulations, requirements, and restrictions relative to the admission of members of the family of a Chinese of the exempt class. The return seems only in the interest of greater fullness and explanation.

returns include in addition thereto a violation of section 7 of the Exclusion Act of 1888 and of section 6 of the Exclusion Act of 1892.

Like considerations apply to the general allegation in each of the applications for writs of habeas corpus that the hearing before the inspector was not impartial, but was unfair to the petitioner, and specifically that examination of the petitioner was had on several occasions by the inspector and his assistants without the privilege of counsel, and that he was found by the inspector to be unlawfully in the United States solely from the testimony of witnesses, cross-examination of whom was not had by petitioner's counsel. The record does not so show, nor is it so prepared, as properly to permit the consideration of any but jurisdictional questions, which, indeed, are the only questions considered in the opinion of the District Judge.

In brief of counsel reference is made to the testimony in the transcript of record in this court in the old Case of Woo Shing, 250 Fed. 598, 162 C. C. A. 614, as showing unfairness, injustice, and disregard of appropriate procedure on the part of the immigration authorities. It is clear that this reference cannot be considered. Not only does it relate to the former and closed proceeding, under the Immigration Act of 1907, but it does not appear that it became part of the record in the present proceeding. Moreover, even if such were the case, the record is not such as to enable us to say that there was not complete and substantial evidence fully establishing the liability to deportation as charged, nor that the action of the immigration authorities was, taken as a whole, so unfair or so arbitrary as to render invalid the nonjudicial and necessarily summary deportation proceedings. Low Wah Suey v. Backus, 225 U. S. 460, 469, 472, 32 Sup. Ct. 734, 56 L. Ed. 1165; Tiaco v. Forbes, 228 U. S. 549, 557, 33 Sup. Ct. 585, 57 L. Ed. 960; The Japanese Immigration Case, 189 U. S. 86, 101–102, 23 Sup. Ct. 611, 47 L. Ed. 721; Lo Pong v. Dunn (C. C. A. 8) 235 Fed. 510, 512, 149 C. C. A. 56; Mok Nuey Tau v. White (C. C. A. 9) 244 Fed. 742, 743, 157 C. C. A. 190.

The orders of the District Court, denying the respective writs of habeas corpus, must be affirmed.