## WONG SUN v. UNITED STATES, and three other cases.

(Circuit Court of Appeals, Sixth Circuit.   November 12, 1923.)

Nos. 3829–3832.

**1. Judgment ⬰713(2)—Conclusive of issues which might have been tried.**
    The final determination of the court is a conclusive adjudication, not only as to matters actually argued and decided, but also as to matters which might have been so considered and decided.

**2. Habeas corpus ⬰90, 113(1, 12)—Nature of, stated.**
    A habeas corpus proceeding is essentially a judicial proceeding involving a trial of the truth of the officer's return when challenged on the facts, with the right to review by an appellate court, not merely by a writ of error, but by an appeal, bringing up for review the entire record presented in the court below.

**3. Habeas corpus ⬰120—Doctrine of res judicata applicable to judgments affirmed on appeal.**
    Where a judgment denying a writ of habeas corpus has been affirmed on appeal, the rule of res judicata applies, in the absence of new considerations, or considerations which were unknown to petitioner on first application.

Appeals from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Habeas Corpus.  Separate petitions by Wong Sun, by Chan Yim, by Wong Fee, and by Wong Doo against the United States.  From orders discharging the writs in the District Court (283 Fed. 989), petitioners appeal.  Affirmed.

Wm. J. Dawley, of Cleveland, Ohio, for appellants.
M. A. McCormack, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., and Berkeley W. Henderson, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge.  The four appellants, all of whom are of Chinese descent and none of whom claim United States citizenship, were arrested in August, 1915, as Chinese aliens unlawfully within the United States and, as claimed by the commissioner, thus subject to deportation under the Immigration Act of 1907 (34 Stat. 898). Under habeas corpus proceedings, they were discharged, conformably to the decision in United States v. Woo Jan, 245 U. S. 552, 38 Sup Ct. 207, 62 L. Ed. 466, because entitled to a judicial hearing, as distinguished from a summary or administrative method.  They were thereupon rearrested for deportation, under the general Immigration Act of 1917 (39 Stat. 874; Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u).  Proceedings in habeas corpus, thereupon instituted by appellants, were dismissed by the District Court, whose action was affirmed by this court (Woo Shing v. United States [C. C. A.] 282 Fed. 498), upon the authority of Ng Fung Ho v. White, Commissioner, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938, wherein it was held that section 19 of the Immigration Act of 1917 did not preserve the right to a judicial hearing in respect to deportation after

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

May 1, 1917, of Chinese found here, or who shall have entered, in violation of the exclusion acts. Appellants thereupon severally instituted in the District Court below new proceedings in habeas corpus, attacking the deportation order upon various charges of unfairness and irregularity in the departmental hearing awarded, and challenging the sufficiency of the evidence to sustain the findings made. By his return to the writ of habeas corpus the inspector, not only traversed the allegations of the petition relative to asserted insufficiency of proof and unfairness and lack of impartiality of the proceedings on the administrative hearing, but invoked the dismissal by the District Court of the former proceeding in habeas corpus, and the affirmance of that action by this court, as a bar to the present proceeding. Judge Westenhaver discharged the writs of habeas corpus, and ordered petitioners remanded into the custody of the immigration authorities, upon the ground that the previous discharge of the writs by the District Court, and the affirmance thereof by this court, worked a final adjudication of petitioners' liability to deportation. Wong Sun v. Fluckey (D. C.) 283 Fed. 989. These appeals are from the respective orders discharging the writs. ·

Appellants contend, first, that the doctrine of res judicata does not apply to an order discharging the writ of habeas corpus; and, second, that in the former proceeding the sufficiency of the hearing before the immigration officer and the conclusions there reached were not considered by either the District Court or this court.

The former petition for habeas corpus, the proceedings in which were so dismissed by the District Court, and whose action was affirmed by this court (282 Fed. 498), not only asserted and relied upon the denial to petitioner of a judicial hearing, respecting his right to remain in the United States, but also, in the language quoted in the margin,[1] directly attacked the sufficiency of the administrative hearing actually had as unfair and not impartial to the petitioner.

[1] The inspector's return to the writ, in the case of each appellant, not only denied petitioner's right to a judicial hearing, but, in the language we have set forth in the margin,[2] joined issue upon the allegations of the petition regarding the character of the administrative

[1] "Your petitioner further alleges that said so-called hearing conducted before said J. Arthur Fluckey, inspector in charge of the Immigration Department, Cleveland district, was manifestly unfair and not impartial to this petitioner, but, on the contrary, was examined on several occasions by said J. Arthur Fluckey and his assistants without the privilege of counsel, and found by said Fluckey to be unlawfully in the United States solely from the testimony of witnesses, cross-examination of whom was not had by your petitioner's counsel."

[2] "Your respondent alleges that such a hearing was duly had and opportunity was given the petitioner to show cause why he should not be deported in view of the facts proved, and said petitioner was represented by counsel in said hearing; that the petitioner was given full opportunity to produce the evidence which he desired to produce; that there was no abuse of the discretion lodged by law in the Secretary of Labor; that said hearing was had in accordance with law and in accordance with the regulations of the Department of Labor. Your respondent denies each and every allegation of the petition, with the exception of that which has been specifically admitted and alleges that said petitioner is now held in lawful custody, etc."

hearing had. While petitioner's charges in that respect were not as definite and detailed as in the application before us, they were sufficient, especially in view of the issue joined, to permit proof thereof and decision thereon. It is true that, in the former proceeding, the sufficiency of the hearing before the immigration officer, and the conclusions there reached, were not considered by the District Court, nor, at least substantially, by this court; but that was because proof in support of petitioner's allegations in those respects was not presented.[3] But it is a commonplace that in ordinary judicial proceedings the final determination of the court is a conclusive adjudication, not only as to matters actually argued and decided, but also as to all matters which might have been so considered and decided. New Orleans v. Citizens' Bank, 167 U. S. 371, 397, 17 Sup. Ct. 905, 42 L. Ed. 202; So. Pacific R. R. Co. v. United States, 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355.

[2] At the common law a refusal to discharge on habeas corpus one in custody on a criminal charge was no bar to further and repeated applications of the same nature, even upon the identical grounds existing or alleged on the first application. The prominent considerations leading to this state of the law seem to have been that a proceeding by habeas corpus—which was the "writ of freedom"—is purely summary, without provision for framing or trying issues of fact (the officer's return to the writ being taken as true), and without right of review. To-day, generally, and in the federal courts specifically, the hearing in court of a petition for habeas corpus is essentially a judicial proceeding, involving a trial of the truth of the officer's return when challenged on the facts, and hearing on the questions of law involved, with a right of review by an appellate court (United States v. Fowkes [C. C. A. 3] 53 Fed. 15, 3 C. C. A. 394; In re Graves [C. C. A. 1] 270 Fed. 181), not merely by writ of error, but by appeal, bringing up for review on both law and facts the entire record presented to the court below (In re Neagle, 135 U. S. 1, 41, 42, 10 Sup. Ct. 658, 34 L. Ed. 55). As a practical proposition, the basis for the old common-law rule has thus disappeared.

[3] On the question of res judicata, as involved here, we find no decisions of the Supreme Court of the United States in point. In Re Jugiro, 140 U. S. 291, 11 Sup. Ct. 770, 35 L. Ed. 510, cited by appellant, the appeal was from a denial by the federal Circuit Court of a second application for habeas corpus, made after the affirmance by the Supreme Court of a former denial by the Circuit Court, with remand of petitioner to the state court. The second petition presented a matter occurring after the affirmance by the Supreme Court; also

---

[3] We of course accept as correct the statement of counsel for appellants that the course taken upon the previous application was followed because of differing interpretations by the United States courts of the jurisdiction of the Immigration Department under the Act of 1917, and for economical reasons as well, and in the belief that the Immigration Department did not have jurisdiction. For purposes of this hearing, we disregard the comments (partly obiter) made in the concluding paragraph of our opinion on review of the former application (282 Fed. at page 502), upon the departmental record therein referred to.

several other matters of which petitioner claimed to have been ignorant when the first application was made. The Supreme Court held that the matter later occurring did not render the action of the state court void, and that the other errors alleged could not be reached by habeas corpus. · There was thus no second hearing of any question once decided, or that might have been decided, and the question of res judicata was not raised or presented, nor was there room therefor.

In Rose v. Roberts (C. C. A. 2) 99 Fed. 948, 40 C. C. A. 199, an order of the Circuit Court dismissing the writ of habeas corpus had been affirmed upon the holding that the judgment of a court-martial cannot be reviewed by a writ of habeas corpus, except to determine the question of jurisdiction, which was found to extend to the action of the court-martial. In Carter v. McClaughry, 105 Fed. 614, the Circuit Court for the District of Kansas held, as applied to the above-stated action of the Circuit Court for the Southern District of New York and of the Circuit Court of Appeals for the Second Circuit, that the denial of a writ of habeas corpus by the federal courts of one circuit does not render questions determined res judicata, so as to preclude their re-examination by the courts of another circuit in subsequent habeas corpus proceedings instituted therein by the same petitioner. The Supreme Court, in dismissing an attempted review of the judgment of the Circuit Court for the Southern District of New York, did not pass upon the questions of fact and the validity of the conviction and sentence, but held merely that the Supreme Court would not entertain a direct appeal therefrom. Carter v. Roberts, 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861. The affirmance by the Supreme Court (Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236) of the action of the District Court of Kansas did not involve or consider the question of res judicata, which manifestly could not arise in the case. We therefore see no basis for the suggestion that the Supreme Court, by its action in either of the cases cited, impliedly recognized the right of repeated review.

We think the same is true of Chin Fong v. White (C. C. A. 9), 258 Fed. 849, 169 C. C. A. 569, also cited by appellant, in support of his denial of the doctrine of res judicata. The first application for habeas corpus involved the contention that the construction of a treaty was involved. Ex parte Chin Fong (D. C.) 213 Fed. 288. An appeal to the Supreme Court was dismissed on the ground that appellant's rights depended upon the statutes regulating Chinese immigration and not upon a construction of treaty provisions, and that there was thus no right of direct appeal from the District Court to the Supreme Court. Chin Fong v. Backus, 241 U. S. 1, 36 Sup. Ct. 490, 60 L. Ed. 859. The District Court then granted appellant permission to file a new petition for habeas corpus, basing his claim to relief upon his alleged statutory rights, and not upon claimed treaty rights. Chin Fong v. White, supra, was a review of the order made under the second proposition. No question of res judicata was thus necessarily involved.

Elsewhere in the federal courts the trend of decision seems to favor the rule of res judicata when the right of review exists. In Ex parte Kaine, 3 Blatchf. 1, 14 Fed. Cas. 78, No. 7,597, and in In re Kaine, 14 Fed. Cas. 82, No. 7,597a, the decision denying the bar of

former adjudication was rendered before any review of an order in a habeas corpus case was permitted. The decision was based solely on the common-law rule as it stood at the time of the adoption of the Constitution of the United States.

In Re Kopel (D. C.) 148 Fed. 505, Judge Hough entertained a petition in habeas corpus (an extradition case) notwithstanding a previous denial by a justice of the Supreme Court of the state, from whose decision, as stated by Judge Hough, "no appeal seems to have been taken, if such appeal be permissible"; Judge Hough basing his conclusion upon the absence of federal statute limiting the right of successive petitions. It does not appear what the decision would have been had the New York practice permitted an appeal, or if the prior dismissal had been made by the same federal court. The case was not reviewed.

In United States v. Chung Shee (C. C. A. 9) 76 Fed. 951, 22 C. C. A. 639, a judgment of the District Court, discharging on habeas corpus a Chinese immigrant detained for deportation, as not entitled to enter, was held conclusive of the right of entry, and not subject to re-examination by subsequent proceedings for deportation; and this decision has recently been followed by District Judge Neterer in Ex parte Gagliardi (D. C.) 284 Fed. 190.[4]

In Ex parte Cuddy (C. C.) 40 Fed. 62, Mr. Justice Field, sitting at the circuit, in dismissing a writ of habeas corpus and remanding the prisoner, held, as stated in the headnote, that:

"Where a petitioner for a writ of habeas corpus appeals to the United States Supreme Court from a judgment of the Circuit Court denying his application, voluntarily omitting a material portion of his case, he cannot, after failing on the appeal upon the record presented, renew his application before another court or justice of the United States, upon the same record, with the addition of the matter thus omitted, without first having obtained leave for that purpose from the Supreme Court. The question is entirely different when subsequently occurring events have changed the situation of the petitioner so as in fact to present a new case for consideration."

In Ex parte Moebus (C. C.) 148 Fed. 39, 40, 41, the late Circuit Judge Putnam held, as stated in the headnote, that:

"In jurisdictions where appeals have been provided for in habeas corpus cases, it has come to be the rule, either as one of law or of practical administration, that a judge is not required to consider an application for a writ which has been denied by another judge, but may remit the petitioner to his remedy by appeal."

While in Lui Lum v. United States (C. C. A. 3) 166 Fed. 106, 92 C. C. A. 90, an order of a United States District Judge of New York, denying the right to a discharge, was expressly held res judicata as to a subsequent application in habeas corpus to a District Judge in Pennsylvania.

In the state courts a contrariety of decision is found. Among the cases denying the conclusiveness of former adjudication are Bradley

---

[4] In the Chung Shee Case the District Court (71 Fed. 279) had distinguished, as to the applicability of res judicata, between an order remanding and an order discharging the petitioner; but this distinction is not mentioned in the decision of the Circuit Court of Appeals, which on its face would apply equally to a decision against the petitioner's right.

v. Beetle, 153 Mass. 154, 26 N. E. 429;[5] Miskimmins v. Shaver, 8 Wyo. 392, 404, 58 Pac. 411, 49 L. R. A. 831;[6] People v. Brady, 56 N. Y. 183, 191, 192;[7] Weir v. Marley, 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672, 674.[8] In People v. Siman, 284 Ill. 28, 119 N. E. 940, it is said that there is no statutory review of an order refusing to discharge on habeas corpus. In Luetzler v. Perry, 18 Ohio Cir. Ct. R. 826, where it was held that an order by a judge refusing to issue a writ of habeas corpus (not an order discharging the writ after hearing) was not res judicata as to a second application to another court, attention was called to the facts that the Ohio statute did not authorize review of an order refusing to issue the writ, but only of an order discharging the writ upon a hearing, and that even in the latter case the permissible review, being only by writ of error, without provision for bringing to the attention of the reviewing court the real facts upon which petitioner claimed to be entitled to his discharge, was not a full, complete and adequate remedy in all cases. The Circuit Court decision in the Luetzler Case does not seem to have been reviewed.

Among the decisions affirming the conclusiveness of a former adjudication are State v. Whitcher, 117 Wis. 668, 94 N. W. 787, 98 Am. St. Rep. 968;[9] State v. Hebert, 127 Tenn. 220, 245, 154 S. W. 957;[10] Perry v. McLendon, 62 Ga. 598, 603;[11] Ex parte Justus, 26 Okl. 101, 110 Pac. 907.[12]

[5] This case holds that a former discharge is not "as matter of law, a bar to subsequent proceedings of the same kind founded on the same facts." The question whether the court on the second application has discretion to hear or refuse to hear a new application on the same facts was not passed upon.

[6] This decision seems to be based in part upon the Wyoming statute, as being inconsistent with the idea that a former denial of the writ is a final adjudication.

[7] It does not appear whether or not the statute provided for an appeal. In at least three states besides Wyoming, statutes govern the practice of subsequent applications for habeas corpus. In re Udell, 171 Cal. 599, 154 Pac. 23; Ex parte Hamilton, 65 Miss. 98, 3 South. 68; Ex parte Rosson, 24 Tex. App. 226, 5 S. W. 666.

[8] It is said that "the serious objection to the conclusiveness of a judgment of habeas corpus in such causes [custody of children] would be removed by a provision for review by appeal or writ of error."

[9] This case holds that in view of the statute giving a right of appeal, the decision upon the application is res judicata to be set aside by some subsequent proceeding in the same matter, according to the legal procedure for reviewing judicial errors.

[10] The right to a second application for habeas corpus, after affirmance by the Supreme Court of an order of discharge, was limited by that court to cases where new and vitally material facts have developed after the decision of the Supreme Court, which were unknown to petitioner and could not have been discovered by the exercise of reasonable diligence, and which would have deterred the court from dismissing the petition had they been known and presented to the court.

[11] Perry v. McLendon, supra, holds a refusal to discharge a prisoner res judicata as to all points which were necessarily involved in the general question of the legality or illegality of the arrest and detention, whether all of them were actually presented or not, especially where the imprisonment is on civil process; this holding being based on the existence of right of review.

[12] It was said that "while the order of the Criminal Court of Appeals denying the writ is not a bar to a further application to this court, still its order

. The text-books cited are generally not inconsistent with the existence of res judicata where there is statutory provision for review. The citation of Foster's Federal Practice does not in terms cover cases of statutory appeal and affirmance thereunder.

Brown on Jurisdiction, § 111, states that:

"The doctrine of res judicata has no application to this proceeding [habeas corpus] except where the statute provides for an appeal, which is the case in some states."

Bailey on Habeas Corpus, § 59, says:

"Where, however, a statute exists which authorized a review of the proceedings upon appeal or writ of error, the determination being held res adjudicata, it would follow that it would constitute a bar to the prosecution of such action" (false imprisonment for the same cause).

In this state of the law, and regardless of decisions asserting the doctrine of res judicata as applied to the right to custody of children or insane persons [13] (Cormack v. Marshall, 211 Ill. 519, 71 N. E. 1077, 67 L. R. A. 787, 1 Ann. Cas. 256; McMahon v. Mead, 30 S. D. 515, 139 N. W. 122; In re Holt, 34 Cal. App. 290, 167 Pac. 184), and in view of the federal statute providing for appeal, the fact of appeal and affirmance thereunder, and that the second application presents no considerations unknown to appellants or which could not have been presented upon the first application, and without reference to the fact that our consent to the second application was not obtained or requested,[14] we are constrained to hold that the final judgment upon the previous application for habeas corpus constituted a conclusive bar to the second application. We think this conclusion supported by both reason and the weight of authority.

The orders of the District Court, discharging the respective writs of habeas corpus, are affirmed.

made in the premises is entitled to consideration, and it appearing that the conclusion reached is correct, it will be followed by this court."

[13] Such cases are not entirely destitute of analogy to deportation proceedings, as involving a status other than an imprisonment for an offense.

[14] Compare Raydure v. Lindley (C. C. A. 6) 268 Fed. 338, 340, and other cases cited in Amer. Foundry, etc., Co. v. Wadsworth (C. C. A. 6) 290 Fed. at page 196.